## MATTER OF ANWO

### In Deportation Proceedings

### A–19395836

*Decided by Board August 4, 1977*

(1) The respondent, a native and citizen of Liberia was admitted to the United States as a nonimmigrant student on December 9, 1969, and was accorded lawful permanent resident status on October 11, 1973. On September 9, 1975, he was convicted for possession of marihuana in violation of section 402 of Title 33, of the District of Columbia Code. Respondent was subsequently found deportable under section 241(a)(11) of the Immigration and Nationality Act and ordered deported to Liberia.

(2) Relief under section 212(c) of the Act is available only to an alien who has established lawful permanent residence and maintained it for seven consecutive years. Nothing in the statutory language or legislative history indicates a Congressional intent to extend the same benefit to one whose "domicile" here was accrued as a nonimmigrant.

(3) Respondent is statutorily ineligible for relief under section 212(c) of the Act because he has not been a lawful permanent resident for seven consecutive years.

(4) Board declines to follow the rationale expressed in *Tim Lok* v. *INS*, 548 F.2d 37 (2 Cir., 1977), in cases arising outside of the second circuit. Nevertheless, respondent would not even qualify for relief under the rationale expressed in *Tim Lok* v. *INS*, because he was admitted as a nonimmigrant student. Under these circumstances, a fixed intent to remain in the United States, which is a necessary ingredient of domicile, would have rendered respondent's nonimmigrant status and domicile in this country unlawful and thus not within the second circuit's holding in *Tim Lok, supra.*

CHARGE:

Order: Act of 1952—Section 241(a)(11) [8 U.S.C. 1251(a)(11)]—Convicted of violation of law or regulation relating to the illicit possession of marihuana

ON BEHALF OF RESPONDENT:
Lois E. Bruckner, Esquire
3423 Olney-Laytonsville Road
Olney, Maryland 20832

ON BEHALF OF SERVICE:
Mary Jo Grotenrath
Appellate Trial Attorney

BY: Milhollan, Chairman; Wilson, Maniatis, Appleman, and Maguire, Board Members

In a decision dated January 26, 1977, the immigration judge found the respondent deportable under section 241(a)(11) of the immigration and Nationality Act as an alien who had been convicted of an offense relating to the illicit possession of marihuana, and ordered him deported to Liberia. The respondent appealed from that decision, originally arguing that deportation on the stated charge would be in violation of the respondent's rights under the Fifth Amendment to the United States

Constitution. In oral argument before this Board, however, the respondent, through counsel, requested that we remand the record to the immigration judge for consideration of the respondent's claim for relief from deportation under section 212(c) of the Act and the decision of the United States Court of Appeals for the Second Circuit in *Tim Lok* v. *INS*, 548 F.2d 37 (2 Cir. 1977), rehearing denied March 16, 1977. For the reasons that follow, the respondent's request for remand of the record will be denied, and the appeal will be dismissed.

The respondent, a native and citizen of Liberia, was admitted to the United States as a nonimmigrant student on December 9, 1969, and was accorded lawful permanent resident status on October 11, 1973. On September 9, 1975, he was convicted in United States District Court of possession of five pounds of marihuana, in violation of Title 33, District of Columbia Code, §402.

I

In his brief submitted to the immigration judge and incorporated into the record on appeal, the respondent argues that section 241(a)(11) of the Act as it relates to lawful permanent residents convicted of possession of marijuana is in violation of the Fifth Amendment to the United States Constitution. However, it is beyond the power of the Board to entertain constitutional challenges to the Act itself. *Matter of L—,* 4 I. & N. Dec. 556 (BIA 1951); see also *Matter of Wong,* 13 I. & N. Dec. 820 (BIA 1971). This claim, therefore, is pressed by the respondent in an inappropriate forum. Upon a review of the record, we find that deportability under section 241(a)(11) has been established by clear, convincing, and unequivocal evidence.

II

Section 212(c) was enacted in 1952[1] to replace the Seventh Proviso to section 3 of the Immigration Act of 1917.[2] Under this latter section, an alien otherwise inadmissible under certain provisions of the predecessor to section 212(a) but returning after a temporary absence to an unrelinquished United States domicile of seven consecutive years could be admitted in the discretion of the Attorney General under such conditions as he might prescribe.

Section 212(c), as enacted in 1952, contained two significant restrictions upon the discretionary power conferred upon the Attorney General under the Seventh Proviso. First, under section 212(c), relief is only available to "aliens lawfully admitted for permanent residence who proceeded abroad voluntarily and not under an order of deportation."

[1] Act of June 27, 1952, 66 Stat. 163; 8 U.S.C. 1192(c).
[2] Act of February 5, 1917, 39 Stat. 878; ch. 29, §3.

Second, section 212(c) contains the requirement that the lawful permanent resident alien be returning to a "lawful" unrelinquished domicile of seven years.

The scope of permissible discretion exercisable under the Seventh Proviso was administratively enlarged early on to allow a *nunc pro tunc* waiver of a ground of inadmissibility in deportation proceedings. See *Matter of L—*, 1 I. & N. Dec. 1 (A.G. 1940). The availability of *nunc pro tunc* waivers of inadmissibility was reaffirmed after the enactment of section 212(c). See *Matter of Tanori*, Interim Decision 2467 (BIA 1976). Following the decision of the United States Court of Appeals for the Second Circuit in *Francis* v. *INS*, 532 F.2d 268 (2 Cir. 1976), we held that relief under section 212(c) was available in deportation proceedings notwithstanding the fact that the respondent had not effected a departure and entry following the acts which rendered him excludable and deportable. *Matter of Silva*, Interim Decision 2532 (BIA 1976). The respondent, therefore, is not precluded from asserting a claim to section 212(c) relief by reason of his failure to effect a departure and reentry, if he is otherwise eligible under the statute.

To establish eligibility for section 212(c) relief, a respondent must establish that he has maintained a "lawful unrelinquished domicile" in the United States for seven consecutive years. Based upon our understanding of the Congressional intent as reflected by the legislative history of this provision and the restrictive attitude which attended its incorporation into the Immigration and Nationality Act of 1952 (see *Tim Lok* v. *INS, supra,* at 41), we have long held that the phrase "lawful unrelinquished domicile" meant that the alien must have maintained a domicile in the United States for seven consecutive years subsequent to his lawful admission for permanent residence. See *Matter of S—*, 5 I. & N. Dec. 116 (BIA 1953); *Matter of Lok*, Interim Decision 2509 (BIA 1976).

This interpretation of section 212(c) was followed without judicial challenge for some 24 years. However, it has recently been rejected by the United States Court of Appeals for the Second Circuit in *Tim Lok* v. *INS, supra.* The court in that case, overruling the decision of the Board in *Matter of Lok, supra,* rejected the interpretation of "lawful unrelinquished domicile" set forth in *Matter of S—, supra.* Noting the Congressional purpose of reuniting families, described in its holding in *Francis* v. *INS, supra,* the court held that there existed no direct legal equation between the terms "lawfully admitted for permanent residence" and "lawful unrelinquished domicile." It concluded that it was in fact possible for an alien to possess a "lawful domicile" in the United States without having been admitted for permanent residence, and therefore remanded the case to this Board for determination of whether the domicile prior to his adjustment of status had been "lawful."

However, we continue to believe that the *general* Congressional policy of reuniting families as described in *Francis* v. *INS, supra,* and relied upon by the court in *Tim Lok,* must give way, in the interpretation of section 212(c), to the *specific* Congressional intent to restrict the scope of permissible discretion which had been available to the Attorney General under the Seventh Proviso to section 3 of the Immigration Act of 1917.[3] The relief available under the Seventh Proviso and section 212(c), as with all provisions providing discretionary relief from the statutory mandates of the Immigration and Nationality Act, springs, of course, from the Congressional belief that exclusion and deportation in some circumstances would be inhumane. However, section 212(c) was enacted in 1952 specifically to restrict the implementation of this policy to certain classes of aliens. It is this restrictive intent, rather than the more general policies governing all relief provisions under the Act, which should govern the interpretation of the language added to section 212(c) and not previously in the Seventh Proviso.

Accordingly, we adhere to our belief that section 212(c) was designed as means of waiving a disability which would otherwise bar a long term lawful permanent resident of the United States from returning to (or, since *Francis,* continuing) his extensive lawful domicile in this country, and is available only to one who has: (a) established a lawful permanent residence, *and* (b) maintained it for seven years. Nothing in the statutory language or the legislative history indicates a Congressional intent to extend the same benefit to one who may have eked out all or part of seven years of "domicile" while here as a nonimmigrant.

The lawful permanent resident has met extensive quantitative and qualitative standards at time of entry as an immigrant. He has, legally and properly, established ties to this country. He may work. He normally looks toward citizenship and will have that privilege in time. He enjoys greater rights than the nonimmigrant alien and assumes commensurate responsibilities and duties. It is reasonable that after seven years of such lawful resident status the Congress intended he should not lightly be held barred from continuing in that status under the exclusionary provisions of the statute.

On the other hand, the statutory scheme clearly reflects an entirely different view of the nonimmigrant. He has none of the foregoing attributes. He is expected to enter, accomplish the purpose of his visit, and to leave within a relatively short period of time. It is not reasonable to believe that the Congress visualized him as remaining here for years, until such time as he could achieve lawful permanent residence, and thus qualify for benefits of section 212(c). We remain persuaded that the words "who are returning to a lawful unrelinquished domicile of seven

---

[3] S. Rep. No. 1515, 81st Cong., 2d Sess. 384 (1950); H.R. Rep. No. 1365, 82d Cong., 2d Sess. 51 (1952).

consecutive years," in section 212(c), were intended to impose the requirement that the alien applicant for section 212(c) relief has been in lawful permanent resident status for seven consecutive years.

The difficulties resulting from the Second Circuit Court of Appeals' interpretation of section 212(c) become apparent when the entire scheme of discretionary relief from deportation under the Immigration and Nationality Act is considered. It is a well-settled principle of statutory construction that all sections of an Act must be reconciled if possible so as to produce a symmetrical whole. *General Motors Acceptance Corp.* v. *Whisnant*, 387 F.2d 774 (5 Cir. 1968); *Maiatico* v. *United States*, 302 F.2d 880 (D.C. Cir. 1962). Section 212(c) must be interpreted in light of the other provisions of the Act according relief from deportation. When the interpretation of that section adopted by the court in *Tim Lok*, *supra*, is viewed in perspective alongside the relief afforded a deportable alien under section 244(a) of the Act [4], it becomes apparent that the court's interpretation would render this latter section largely nugatory.

Suspension of deportation under section 244(a) of the Act is potentially available to the class of aliens, whether in illegal, nonimmigrant, or resident status, who satisfy the seven or ten-year United States residence requirements. However, the applicant for section 244(a) relief must also meet strict qualitative requirements. He must establish that he has been a person of good moral character throughout the statutory period. He must establish that his deportation would cause an extreme degree of hardship to himself or to specified relatives who are United States citizens or lawful permanent residents. In short, whether the applicant is illegal, a nonimmigrant, or a lawful permanent resident, his mere residence in the United States for a period of seven or ten years will not entitle him to relief from deportation.

By contrast, section 212(c) imposes no strict standards which must be met before an applicant is able to escape deportation. The alien applying for section 212(c) relief has only to show that he is a lawful permanent resident and that he has maintained a "lawful unrelinquished domicile" in the United States for a period of seven consecutive years. In light of the lesser standards which must be met before relief from deportation can be accorded under section 212(c), the class of aliens to which it applies must therefore be distinct from, and possess a stronger relationship with this country than, the class of aliens eligible for suspension of

---

[4] Under section 244(a), an alien found deportable under the Act who establishes continuous physical presence in the United States for a period of either seven or ten years, who establishes that he has been a person of good moral character for the same period, and who establishes that his deportation would cause a specified degree of hardship to himself or to specified relatives who are United States citizens or lawful permanent residents, may, in the discretion of the Attorney General, have his deportation suspended and his status adjusted to that of a lawful permanent resident.

deportation. Otherwise, the hardship and good moral character requirements of section 244(a) as this section applies to deportable lawful permanent resident aliens would be rendered nugatory. We conclude, therefore, that if the strict standards embodied in section 244(a) are not to be read out of the Act, section 212(c) cannot be interpreted to apply to lawful permanent residents who have not been in such status for a period of seven years.

We decline, therefore, to adopt the holding of the Court of Appeals for the Second Circuit in *Tim Lok* v. *INS, supra,* in cases arising outside the Second Circuit. Accordingly, we adhere to our interpretation of section 212(c) as set forth in *Matter of S—, supra,* and hold that relief under section 212(c) is only available to a lawful permanent resident alien who has been a lawful domiciliary of the United States for seven consecutive years subsequent to achieving lawful permanent resident status.

## III

Moreover, we note that even under the interpretation of section 212(c) adopted by the court in *Tim Lok* v. *INS, supra,* the respondent in this case would be ineligible for relief under section 212(c). The respondent was admitted to the United States as a student in 1969. In 1973, his status was adjusted to that of a permanent resident.[5] Thus, during three of the seven years during which he now claims to have been a domiciliary, he was in nonimmigrant student status.

The term "domicile" is not defined in the Act itself. However, courts have consistently held that domicile is established upon proof of residence, combined with the "intent to make [that residence] a fixed and permanent home." *Johansen* v. *Confederation Life Association,* 447 F.2d 175, 180 (2 Cir. 1971); *Gilbert* v. *David,* 235 U.S. 561, 569-570 (1915); *Mitchell* v. *United States,* 21 Wall. (88 U.S.), 350, 353 (1875); *Matter of Carrasco,* Interim Decision 2579 (BIA 1977); *Matter of Garcia,* Interim Decision 2366 (BIA 1975).

A student may establish that he is domiciled at his place of instruction. *Stifel* v. *Hopkins,* 477 F.2d 1116 (6 Cir. 1973). However, an *alien* student, admitted as a nonimmigrant under section 101(a)(15)(F), is subject to special restrictions with respect to domicile. Section 101(a)(15)(F) defines a nonimmigrant student as one "who seeks to enter the United States temporarily *and solely* for the purpose of pursuing . . . a course of study at an established institution of learning. . . ." (Emphasis supplied). The alien student is admitted to the United

---

[5] The record does not reveal whether the respondent remained in student status until his adjustment in 1973. If he did not, and that status lapsed, his domicile was clearly not lawful, and he is precluded from obtaining section 212(c) relief. However, we shall assume for the purpose of our discussion that the respondent's student status at no time lapsed.

States, therefore, under the express condition that he depart at the expiration of his nonimmigrant visa. Any contrary intent will render his nonimmigrant student status unlawful. *Matter of Gallares*, 14 I. & N. Dec. 250 (BIA 1972). By definition, the fixed *intent to remain* which is necessary to establish domicile necessarily involves a violation of lawful nonimmigrant student status. Therefore, to the extent that the respondent has established, by his intent to remain indefinitely in the United States, a domicile in this country, this domicile was unlawful. The respondent is therefore ineligible for relief under section 212(c) even under the interpretation of that provision enunciated by the court in *Tim Lok* v. *INS, supra.*

The appeal will be dismissed.

**ORDER:** The appeal is dismissed.