## Matter of A-M-, Respondent

*Decided September 21, 2009*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1) Notwithstanding the heading of section 240A(b) of the Immigration and Nationality Act, 8 U.S.C. § 1229b(b) (2006), which only refers to nonpermanent residents, a lawful permanent resident who qualifies as a battered spouse may be eligible to apply for cancellation of removal under section 240A(b)(2) of the Act.

(2) Given the nature and purpose of the relief of cancellation of removal for battered spouses under section 240A(b)(2) of the Act, such factors as an alien's divorce from an abusive spouse, remarriage, and previous self-petition for relief based on the abusive marriage are relevant in determining whether an application for that relief should be granted in the exercise of discretion.

FOR RESPONDENT: Chris A. Chouteau, Esquire, San Diego, California

FOR THE DEPARTMENT OF HOMELAND SECURITY: Robert B. Wities, Assistant Chief Counsel

BEFORE: Board Panel: COLE, PAULEY, and GREER, Board Members.

COLE, Board Member:

In a decision dated September 11, 2007, an Immigration Judge found the respondent removable as charged and granted her application for special rule cancellation of removal for battered spouses under section 240A(b)(2) of the Immigration and Nationality Act, 8 U.S.C. § 1229b(b)(2) (2006). The Department of Homeland Security ("DHS") has filed a timely appeal contesting the Immigration Judge's grant of relief. The appeal will be sustained and the record will be remanded to the Immigration Judge.

## I. FACTUAL AND PROCEDURAL HISTORY

The record reflects that the respondent, a 41-year-old native and citizen of Mexico, married her ex-husband in Oaxaca, Mexico, in 1984. They have four children together, one of whom is a United States citizen. In 1989 the respondent's ex-husband was working in the United States and arranged for the respondent, who did not have lawful status, to join him. The record contains extensive documentation that the respondent's ex-husband abused her

both physically and mentally for a number of years. The couple eventually separated in 1996, and the respondent stated that she has not seen her ex-husband since 1998. After their separation, the respondent filed a self-petition to adjust her status to that of a lawful permanent resident as the battered spouse of a lawful permanent resident pursuant to section 204(a) of the Act, 8 U.S.C. § 1154(a) (2000). The former Immigration and Naturalization Service (now the DHS) approved the respondent's self-petition on September 25, 2001. Thereafter, the respondent and her ex-husband divorced on August 18, 2004, and she remarried in March 2006. Her current husband does not have lawful status in the United States.

The respondent was placed in removal proceedings on July 30, 2004, after she attempted to enter the United States from Mexico at the Otay Mesa port of entry in California with two minor children who were not her own. The respondent testified that she agreed to drive the children, who did not have lawful status or documentation to enter the United States, as a favor to their mother. There is no evidence in the record that she was criminally charged for this incident. The DHS issued a Notice to Appear (Form I-862), charging her as an arriving alien who is inadmissible under section 212(a)(6)(E)(i) of the Act, 8 U.S.C. § 1182(a)(6)(E)(i) (2000), for alien smuggling.

During her proceedings before the Immigration Judge, the respondent requested several forms of relief, including special rule cancellation for battered spouses under section 240A(b)(2) of the Act.[1] At a hearing on April 26, 2007, the parties stipulated that the respondent's ex-husband is a lawful permanent resident. The respondent also testified about the hardship that her United States citizen son, who is now 16 years old, would suffer if she were removed to Mexico. *See* section 240A(b)(2)(A)(v) of the Act. The respondent stated that he was born with a birth defect because his right ear is physically deformed, and he has hearing loss in that ear. She testified that her son is eligible for reconstructive surgery and that because of his hearing problems, he has been enrolled in special education classes since kindergarten.

At the close of the hearing, the Immigration Judge noted that the events underlying the issuance of the respondent's Notice to Appear occurred less than 3 years earlier and prevented her from establishing the 3 years of good moral character required under section 240A(b)(2)(A)(iii) of the Act. Accordingly, over the DHS's objection, the Immigration Judge granted the respondent a continuance to allow her to acquire the necessary period of good moral character.

---

[1] The respondent's applications for relief were filed on or after May 11, 2005. Accordingly, her claims are governed by the amendments to the Act brought about by the REAL ID Act of 2005, Division B of Pub. L. No. 109-13, 119 Stat. 302.

At the next hearing on September 11, 2007, the DHS argued that the respondent was ineligible for cancellation of removal as a battered spouse because she was a lawful permanent resident and only nonpermanent residents could apply for relief under section 240A(b) of the Act. The Immigration Judge issued an oral decision finding the respondent removable as charged. Contrary to the DHS's argument, he held that the respondent was not a permanent resident and found that she relinquished her status when she conceded removability. The Immigration Judge also noted that even if the respondent were still a lawful permanent resident, she could file a motion to reopen after her proceedings were concluded and apply for cancellation of removal under section 240A(b)(2) of the Act. Additionally, the Immigration Judge found that the respondent met the other requirements for special rule cancellation in that she established 3 years of continuous physical presence and good moral character, she was a battered spouse based on her marriage to her ex-husband, and her removal would cause extreme hardship to her United States citizen son. Finally, the Immigration Judge determined that the respondent had shown that relief was warranted as a matter of discretion, and he granted her special rule cancellation of removal as the battered spouse of a lawful permanent resident under section 240A(b)(2) of the Act.

## II. ISSUES

On appeal, the DHS reiterates its contention that the respondent is a lawful permanent resident and that permanent residents are not eligible for cancellation of removal under section 240A(b) of the Act because the heading of that section is "Cancellation of Removal and Adjustment of Status for Certain Nonpermanent Residents." Furthermore, the DHS challenges the continuance the respondent was granted, arguing that she has not shown 3 years of good moral character.

In response, the respondent asserts that the Act is ambiguous as to whether both permanent and nonpermanent residents may seek special rule cancellation of removal for battered spouses and that the ambiguity should be resolved in her favor. Additionally, she argues that the Immigration Judge was correct in granting her a continuance.

Accordingly, the issues before us on appeal are (1) whether the respondent is a lawful permanent resident; (2) whether she is eligible to request special rule cancellation of removal as a battered spouse under section 240A(b)(2) of the Act and, if so, whether she merits such relief; and (3) whether the Immigration Judge erred in granting her a continuance.

## III.  STANDARDS OF REVIEW

We review findings of fact by the Immigration Judge only to determine whether they are clearly erroneous.  *See* 8 C.F.R. § 1003.1(d)(3)(i) (2009). Questions of law, discretion, and judgment, however, may be reviewed de novo.  *See* 8 C.F.R. § 1003.1(d)(3)(ii).

## IV.  ANALYSIS

### A.  Termination of Lawful Permanent Resident Status

We have held that an alien's lawful permanent resident status does not terminate until the entry of a final administrative order. *Matter of Lok*, 18 I&N Dec. 101, 105-07 (BIA 1981), *aff'd*, 681 F.2d 107 (2d Cir. 1982); *see also Foroughi v. INS*, 60 F.3d 570, 575 (9th Cir. 1995).  A final administrative order has not yet been entered in this case.  Consequently, we find that the respondent is still a lawful permanent resident, and we conclude that the Immigration Judge's determination in this regard was erroneous. *See* 8 C.F.R. § 1003.1(d)(3)(ii).

### B.  Special Rule Cancellation of Removal Under Section 240A(b)(2) of the Act

The DHS contends that because section 240A(b) of the Act is entitled "Cancellation of Removal and Adjustment of Status for Certain Nonpermanent Residents," lawful permanent residents, such as the respondent, are not eligible for that relief.

Section 240A(b)(2) of the Act provides as follows:

> Special Rule for Battered Spouse or Child
>   (A) Authority
>   The Attorney General may cancel removal of, and adjust to the status of an alien lawfully admitted for permanent residence, an alien who is inadmissible or deportable from the United States if the alien demonstrates that—
>       (i)(I) the alien has been battered or subjected to extreme cruelty by a spouse or parent who is or was a United States citizen (or is the parent of a child of a United States citizen and the child has been battered or subjected to extreme cruelty by such citizen parent);
>         (II) the alien has been battered or subjected to extreme cruelty by a spouse or parent who is or was a lawful permanent resident (or is the parent of a child of an alien who is or was a lawful permanent resident and the child has been battered or subjected to extreme cruelty by such permanent resident parent); or

(III) the alien has been battered or subjected to extreme cruelty by a United States citizen or lawful permanent resident whom the alien intended to marry, but whose marriage is not legitimate because of that United States citizen's or lawful permanent resident's bigamy;

(ii) the alien has been physically present in the United States for a continuous period of not less than 3 years immediately preceding the date of such application, and the issuance of a charging document for removal proceedings shall not toll the 3-year period of continuous physical presence in the United States;

(iii) the alien has been a person of good moral character during such period, subject to the provisions of subparagraph (C);

(iv) the alien is not inadmissible under paragraph (2) or (3) of section 212(a), is not deportable under paragraphs (1)(G) or (2) through (4) of section 237(a) . . . and has not been convicted of an aggravated felony; and

(v) the removal would result in extreme hardship to the alien, the alien's child, or the alien's parent.

The statutory text of section 240A(b) of the Act does not specifically prohibit lawful permanent residents from applying for special rule cancellation of removal. In fact, the text does not require applicants to show any particular immigration status. Because the heading of the section is Cancellation of Removal for Certain Nonpermanent Residents, however, it appears to be at odds with the statutory text. Accordingly, because this appeal involves difficult issues of statutory interpretation and the effect of legislative amendments, we find it useful to review the evolution of section 240A(b)(2).

### 1. Legislative Framework of Section 240A(b)(2) of the Act

The battered spouse provisions were first added to the Immigration and Nationality Act as part of the Violence Against Women Act of 1994 ("VAWA"), which was enacted as Title IV of the Violent Crime Control and Law Enforcement Act of 1994, Pub. L. No. 103-322, 108 Stat. 1796, 1902.[2] At that time, aliens were still placed in exclusion or deportation proceedings, and removal proceedings, which included the relief of cancellation of removal, did not yet exist. *See* former sections 236, 242B of the Act, 8 U.S.C. §§ 1226, 1252b (1994).

---

[2] In the immigration context, the VAWA created several forms of relief specifically for battered spouses, including adjustment of status and suspension of deportation. The provision creating suspension of deportation for battered spouses, former section 244(a)(3) of the Act, 8 U.S.C. § 1254(a)(3) (1994), which is the precursor to section 240A(b)(2), was enacted as section 40703(a)(3) of the Violent Crime Control and Law Enforcement Act of 1994, 108 Stat. at 1955. *See* H.R. Rep. No. 104-828, at 214 (1996) (Conf. Rep.) (Joint Explanatory Statement), 1996 WL 563320, at *214.

Aliens seeking relief from exclusion or deportation could apply for, inter alia, a waiver under former section 212(c) of the Act, 8 U.S.C. § 1182(c) (1994), or suspension of deportation under former section 244(a) of the Act, 8 U.S.C. § 1254(a) (1994). Only aliens "lawfully admitted for permanent residence" were eligible to apply for a waiver under former section 212(c), whereas suspension of deportation was available to any alien. *See Matter of Anwo*, 16 I&N Dec. 293, 297 (BIA 1977) (stating that suspension of deportation is "potentially available to the class of aliens, whether in illegal, nonimmigrant, or resident status"); *see also, e.g.*, *Hernandez de Anderson v. Gonzales*, 497 F.3d 927, 929, 932, 936, 943-44 (9th Cir. 2007); *Matter of Ponce de Leon*, 21 I&N Dec. 154, 168, 169 n.2 (BIA 1996, 1997; A.G. 1997) (Filppu, Board Member, concurring); *Matter of E-*, 9 I&N Dec. 372 (BIA 1961).

Before the VAWA was enacted, suspension of deportation existed in two forms under former sections 244(a)(1) and (2) of the Act. Former section 244(a)(1) required at least 7 years of continuous physical presence in the United States; good moral character for that time period; and a showing of extreme hardship to the alien or to his or her spouse, parent, or child who was a United States citizen or lawful permanent resident. Former section 244(a)(2) required at least 10 years of continuous physical presence in the United States; good moral character for that time period; and a showing of exceptional and extremely unusual hardship to the alien or to his or her spouse, parent, or child who was a United States citizen or lawful permanent resident.

In 1994, the VAWA amended the Act to add a third form of suspension of deportation for battered spouses. Former section 244(a)(3) provided that relief could be available to an alien who

> is deportable under any law of the United States . . . ; has been physically present in the United States for a continuous period of not less than 3 years immediately preceding the date of such application; has been battered or subjected to extreme cruelty in the United States by a spouse or parent who is a United States citizen or lawful permanent resident (or is the parent of a child of a United States citizen or lawful permanent resident and the child has been battered or subjected to extreme cruelty in the United States by such citizen or permanent resident parent); and proves that during all of such time in the United States the alien was and is a person of good moral character; and is a person whose deportation would, in the opinion of the Attorney General, result in extreme hardship to the alien or the alien's parent or child.

There are few published cases interpreting former section 244(a)(3) of the Act.[3]  *See Hernandez v. Ashcroft*, 345 F.3d 824 (9th Cir. 2003);

---

[3] There is some guidance for assessing extreme hardship under former section 244(a)(3) of the Act in the regulations at 8 C.F.R. § 1240.58(c) (2009), but hardship is not at issue in this case.

*Ikenokwalu-White v. INS*, 316 F.3d 798 (8th Cir. 2003). However, the language of the statute tracks that of former sections 244(a)(1) and (2) of the Act, in that all three provisions begin by stating that aliens who are "deportable" are eligible for relief. Since both lawful permanent residents and nonpermanent residents could be charged with grounds of deportability and there are no regulations or case law to the contrary, it appears that relief under former section 244(a)(3) of the Act, like that under sections 244(a)(1) and (2), was available to aliens in either status.[4]  *See* former section 241 of the Act, 8 U.S.C. § 1251 (1994) (providing that ("[a]ny alien" who was within one of the classes of deportable aliens was deportable); *cf. Matter of Anwo*, 16 I&N Dec. at 297 (stating that suspension of deportation under section 244(a) was potentially available to aliens in any status).

Furthermore, the legislative history of the VAWA does not indicate that suspension of deportation under former section 244(a)(3) of the Act should be unavailable to lawful permanent residents who qualify as battered spouses. According to the legislative history, the purpose of the VAWA provisions amending the Act was to permit battered spouses to leave their abusers without fear of deportation or other immigration consequences.  *See* H.R. Rep. No. 106-939, at 56, 111-12 (2000) (Conf. Rep.) (Joint Explanatory Statement), 2000 WL 1479163, at *56, 111-12; 140 Cong. Rec. H10,693-01 (1994) (statement of Sen. Schumer), 1994 WL 545675; 140 Cong. Rec. E1364-03 (1994) (statement of Rep. Pelosi), 1994 WL 374941; *see also* H.R. 1133, 103d Cong. § 243 (1993); H.R. Rep. No. 103-395 (1993), 1993 WL 484760. Even aliens who are lawful permanent residents may be forced to rely on an abusive spouse to petition for them during immigration proceedings if they do not qualify for relief independently.[5]

Congress subsequently enacted the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Division C of Pub. L. No. 104-208, 110 Stat. 3009-546 ("IIRIRA"), which replaced exclusion and deportation proceedings with removal proceedings.  *Compare* former sections 236 *and* 242B of the Act *with* sections 239 *and* 240 of the Act, 8 U.S.C. § 1229, 1229a (2006). Congress also deleted former sections 212(c) and 244

---

[4] Although an eligible lawful permanent resident might have opted first to seek a waiver under former section 212(c) of the Act before applying for suspension of deportation under former section 244(a), those who could not establish eligibility for a waiver because they lacked the requisite 7 consecutive years of unrelinquished domicile could still qualify for relief under former section 244(a)(3) of the Act, which required only 3 years of continuous physical presence.

[5] For example, the respondent is ineligible for cancellation of removal under section 240A(a) of the Act because she does not have 7 years of continuous residence in the United States after having been admitted in any status. *See Matter of Blancas*, 23 I&N Dec. 458 (BIA 2002).

from the Act and enacted the three provisions under which cancellation of removal may be granted—sections 240A(a) and (b)(1) and (2) of the Act. *See* IIRIRA §§ 304(a)(3), (b), 110 Stat. at 3009-594, 3009-597; 308(b)(7), 110 Stat. at 3009-615. The Conference Report on the IIRIRA states that section 240A(a) of the Act is "intended to replace and modify" former section 212(c), that section 240A(b)(1) "replaces" former section 244(a), and that section 240A(b)(2) "restates" the battered spouse provision of former section 244(a)(3) of the Act.[6] *See* H.R. Rep. No. 104-828, at 213-14 (1996) (Conf. Rep.) (Joint Explanatory Statement), 1996 WL 563320, at *213-14.

The battered spouse provision at section 240A(b)(2) of the Act has been modified twice since the IIRIRA's enactment. When cancellation of removal was initially added to the Act in 1996, all three cancellation provisions began by stating that the Attorney General "may cancel removal in the case of an alien who is inadmissible or deportable from the United States," if certain other criteria were met. In 1997 section 204(b) of the Nicaraguan Adjustment and Central American Relief Act, Pub. L. No. 105-100, tit. II, 111 Stat. 2160, 2193, 2201 (1997) ("NACARA"), amended the language of sections 240A(b)(1) and (2) of the Act by changing the phrase "may cancel removal in the case of" to "may cancel removal of, and adjust to the status of an alien lawfully admitted for permanent residence."[7] Thus, the new language authorized the Attorney General to cancel an alien's removal *and* adjust his or her status to that of a lawful permanent resident. Previously, the Attorney General could technically only cancel an alien's removal under section 240A of the Act.[8]

In 2000 Congress amended section 240A(b)(2) of the Act to its current language. At that time, Congress reauthorized the VAWA in Division B of the Victims of Trafficking and Violence Protection Act of 2000, Pub. L. No. 106-386, 114 Stat. 1464, 1491 ("VTVPA"). Title V of the reauthorized

---

[6] Section 240A(a) of the Act replaced and modified former section 212(c), inter alia, by barring from relief aliens who have been convicted of an aggravated felony, regardless of prison sentence, and by adding a 5-year lawful permanent residence requirement. Section 240A(b)(1) replaced and modified former sections 244(a)(1) and (2) by deleting former section 244(a)(1) from the Act and recodifying former section 244(a)(2), which was amended to provide that aliens may no longer show hardship to themselves and must show exceptional and extremely unusual hardship to a United States citizen or lawful permanent resident spouse, child, or parent. *See* section 240A(b)(1)(D) of the Act.

[7] The NACARA's amendment of sections 240A(b)(1) and (2) of the Act conforms the language of the statute to that of former section 244(a), which stated that "the Attorney General may, in his discretion, suspend deportation and adjust the status [of an eligible applicant] to that of an alien lawfully admitted for permanent residence."

[8] Because we have found that the respondent continues to be a lawful permanent resident, she does not need to adjust her status and only requires cancellation of removal.

version of the VAWA, entitled the "Battered Immigrant Women Protection Act of 2000," modified section 240A(b)(2) of the Act by adding language increasing the categories of battered aliens eligible to request special rule cancellation of removal.[9] *Id.* §§ 1501, 1504, 114 Stat. at 1518, 1522-24.

The VTVPA Conference Report reaffirms that one of the initial purposes of the VAWA was to eliminate immigration laws preventing battered spouses and children from leaving abusive relationships or from seeking help from law enforcement because they were afraid that they would be deported or that their abusers would withdraw sponsorship for a particular immigration benefit. *See* H.R. Rep. No. 106-939, at 56, 111-12. Thus, one of the purposes of the reauthorized version of the VAWA was to improve access to immigration relief for groups of battered immigrant spouses and children who were not previously eligible. *See id.*; 146 Cong. Rec. S8571-01 (2000) (statement of Sen. Sarbanes), 2000 WL 1300253; 146 Cong. Rec. S10,188-03 (2000) (statement of Sen. Hatch), 2000 WL 1300253, at *S10,195; 146 Cong. Rec. E1729-04 (2000), 2000 WL 1505798.

### 2. Statutory Interpretation

In interpreting section 240A(b)(2) of the Act, we look first to the plain meaning of its statutory language and give effect to that meaning when possible. *See Robinson v. Shell Oil Co.*, 519 U.S. 337, 340-41 (1997); *Lagandaon v. Ashcroft*, 383 F.3d 983, 987 (9th Cir. 2004); *Matter of Campos-Torres*, 22 I&N Dec. 1289, 1292-93 (BIA 2000); *see also Nat'l Cable & Telecomms. Ass'n v. Brand X Internet Servs.*, 545 U.S. 967, 986 (2005) (stating that in interpreting a statute, the first step is to determine whether the statute's plain terms address the question at issue); *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 843 (1984). In ascertaining the plain meaning of a statute, we consider the particular statutory language at issue, its context, and the language and design of the statute as a

---

[9]  Under former section 244(a)(3) of the Act and the pre-VTVPA version of section 240A(b)(2), battered spouse suspension of deportation and cancellation of removal were initially available only to individuals whose abusive spouses were currently United States citizens or lawful permanent residents. The Battered Immigrant Women Protection Act of 2000 expands relief to aliens whose abuser "is or was" a citizen or lawful permanent resident, and to those battered individuals who intended to be married to their United States citizen or lawful permanent resident abuser, but whose marriages are not legitimate because of their abuser's bigamy. *See* VTPVA § 1504, 114 Stat. at 1522-24.

whole.  *See Robinson v. Shell Oil Co.*, 519 U.S. at 341; *K Mart Corp. v. Cartier, Inc.*, 486 U.S. 281, 291 (1988); *Nadarajah v. Gonzales*, 443 F.3d 1069, 1076 (9th Cir. 2006); *Campbell v. Allied Van Lines, Inc.*, 410 F.3d 618, 621 (9th Cir. 2005); *Matter of Campos-Torres*, 22 I&N Dec. at 1294; *Matter of Nolasco*, 22 I&N Dec. 632, 636 (BIA 1999).

Section 240A of the Act is entitled "Cancellation of Removal; Adjustment of Status."  The heading of section 240A(a) is "Cancellation of Removal for Certain Permanent Residents."  This heading accurately describes section 240A(a), which is only applicable to eligible lawful permanent residents.  As previously noted, the heading of section 240A(b) of the Act is "Cancellation of Removal for Certain Nonpermanent Residents."  However, nothing in the text of the statute precludes lawful permanent residents from establishing eligibility for relief under section 240A(b), which is available to any alien who is "inadmissible or deportable."[10]

The Supreme Court has stated that the title of a statute and heading of a section cannot limit the plain meaning of a statute's text.  *See, e.g.*, *INS v. St. Cyr*, 533 U.S. 289, 308-09 (2001) (citing *Pennsylvania Dep't of Corrs. v. Yeskey*, 524 U.S. 206, 212 (1998)); *Bhd. of R.R. Trainmen v. Baltimore & Ohio R.R. Co.*, 331 U.S. 519, 528-29 (1947).  However, the title of a statute and heading of a section may be referred to when they shed light on an ambiguous word or phrase within the statutory text.  *See, e.g.*, *Carter v. United States*, 530 U.S. 255, 267 (2000); *Campbell v. Allied Van Lines, Inc.*, 410 F.3d at 621-22 (citing *Bhd. of R.R. Trainmen v. Baltimore & Ohio R.R. Co.*, 331 U.S. at 528-29); *Matter of Anifowoshe*, 24 I&N Dec. 442, 443 (BIA 2008).  In this case we find no ambiguity within the statutory text of either section 240A(b)(1) or (2) of the Act.  The language of both provisions states that "an alien who is inadmissible or deportable from the United States" may seek relief if certain other criteria are met.  Sections 240A(b)(1), (2)(A) of the Act.  This language is clear and in no way prohibits lawful permanent residents from applying for relief under section 240A(b)(2).  Furthermore, we find nothing ambiguous about the text of the statute within the context and design of section 240A as whole.  *See Robinson v. Shell Oil Co.*, 519 U.S. at 341.  Section 240A(a) creates a form of relief from removal for which only aliens

---

[10] As we noted in regard to former section 212(c) of the Act, a lawful permanent resident may be more likely to seek cancellation of removal under section 240A(a) of the Act.  *See supra* note 4.  However, relief under that section may not be available, for example, where a lawful permanent resident has not yet accrued the 5 years of lawful permanent resident status required by section 240A(a)(1) or the 7 years of continuous residence in any status required by section 240A(a)(2).  In such cases, section 240A(b)(2) may provide alternative relief.

who have lawful permanent resident status are eligible, while section 240A(b) provides relief for which both permanent and nonpermanent residents may be eligible.

Additionally, preventing lawful permanent residents from applying for cancellation of removal as battered spouses would be contrary to the legislative history of section 240A of the Act. As noted above, the legislative history of the IIRIRA indicates that section 240A(b)(2) was meant to "restate" former section 244(a)(3) of the Act. *See* H.R. Rep. No. 104-828, at 214. Since relief under former section 244(a) was not limited to nonpermanent residents, relief under section 240A(b)(2) of the Act also should not be. Moreover, the legislative amendments to section 240A(b)(2) indicate that Congress has only ever intended to expand the relief available to aliens who are battered by their spouses. Given this history, it seems unlikely that when Congress was broadening the relief available to battered spouses, it would have intended to make lawful permanent residents, who were previously eligible for suspension of deportation under former section 244(a)(3) of the Act, ineligible for cancellation of removal under section 240A(b)(2).

Consequently, notwithstanding the heading of section 240A(b) of the Act, which only refers to nonpermanent residents, we find that lawful permanent residents may be eligible to apply for special rule cancellation of removal for battered spouses under section 240A(b)(2) of the Act. Accordingly, we conclude that the respondent is eligible to apply for cancellation of removal under that section.

### 3. Discretion

Cancellation of removal, like the relief available under former sections 212(c) and 244(a) of the Act, is a discretionary form of relief. *See* sections 240A(a), (b)(1), (2) of the Act (stating that the Attorney General "may" cancel an alien's removal); *see also, e.g.*, *Matter of Sotelo*, 23 I&N Dec. 201, 203 (BIA 2001); *Matter of C-V-T-*, 22 I&N Dec. 7, 10 (BIA 1998). In this case, the Immigration Judge found that the respondent was deserving of a discretionary grant of cancellation of removal. As previously noted, we have authority to review questions of discretion de novo. *See* 8 C.F.R. § 1003.1(d)(3)(ii).

In making discretionary determinations, we weigh the favorable and adverse factors presented to decide whether "on balance, the 'totality of the evidence before us' indicates that 'the respondent has adequately demonstrated that he [or she] warrants a favorable exercise of discretion.'" *Matter of Sotelo*, 23 I&N Dec. at 204 (quoting *Matter of C-V-T-*, 22 I&N Dec. at 10). We have found "'it prudent to avoid cross-application, as between different types of

relief from deportation, of particular principles or standards for the exercise of discretion.'" *Matter of C-V-T-*, 22 I&N Dec. at 12 (quoting *Matter of Marin*, 16 I&N Dec. 581, 586 (BIA 1978), in finding that case law applicable to the exercise of discretion for suspension of deportation should not be applied to requests for cancellation of removal under section 240A(a) of the Act). Consequently, factors that we may consider to be favorable or adverse to a respondent's application with respect to one form of discretionary relief from removal may differ from those we consider with respect to another form of relief. *Cf. Matter of Kasinga*, 21 I&N Dec. 357, 367 (BIA 1996) (stating that in the asylum context, the danger of persecution will outweigh all but the most egregious factors); *Matter of Pula*, 19 I&N Dec. 467, 474 (BIA 1987).

The positive factors presented in the respondent's case include her residence in the United States since 1989, her three children with legal status living in the United States, and her gainful employment as a housekeeper. The Immigration Judge also found that her United States citizen son will suffer extreme hardship if she is removed and noted that she expressed remorse concerning the reasons for her removability. The negative factors include the circumstances underlying the respondent's removability, her failure to provide evidence that she filed income taxes, and her May 2003 conviction for driving under the influence.

Furthermore, given that the respondent is seeking relief as the battered spouse of a lawful permanent resident, we find that there are additional factors relevant to our consideration. Importantly, the Immigration Judge found that the respondent divorced her abusive ex-husband in 2004, and that she has already relied on her relationship with her ex-husband to adjust her status as a VAWA self-petitioner. *See* sections 101(a)(51), 204(a)(1)(A)(iii), (B)(ii) of the Act, 8 U.S.C. §§ 1101(a)(51), 1154(a)(1)(A)(iii), (B)(ii) (2006). Moreover, the respondent has been remarried since 2006 and is no longer in an abusive relationship with her ex-husband.[11]

Given the underlying purpose of the battered spouse provisions of the Act, which is to enable aliens to leave their abusive citizen or lawful permanent resident spouses who may use the threat of deportation or sponsorship for an immigration benefit to maintain control over them, we find that these factors

---

[11] Congress did not provide specific regulations explicating section 240A(b)(2) of the Act. However, we observe that the regulations for the self-petitioning provisions of section 204(a) of the Act state that a self-petitioning spouse must be legally married to his or her abuser at the time the petition is filed. 8 C.F.R. § 204.2(c)(1)(ii). Furthermore, they state that after the petition has been properly filed, legal termination of the marriage will have no effect on the decision made on the self-petition, but that the self-petitioner's remarriage constitutes a basis for denial of the self-petition. *Id.*

weigh heavily against granting the respondent's request for cancellation of removal under section 240A(b)(2) of the Act. *See* H.R. Rep. No. 106-939, at 111-12; H.R. Rep. No. 103-395. The respondent has already obtained a form of VAWA relief once, has become removable, and has not argued that she needs or is eligible for VAWA protection in her current relationship. The VAWA should not be invoked again to benefit an alien when the past abusive relationship has ended and the former abusive spouse no longer poses a threat. We recognize that the same factors, namely, the respondent's divorce, remarriage, and previous self-petition based on her abusive marriage, may not be equally relevant to other forms of discretionary relief. However, the respondent has requested cancellation of removal as a battered spouse, and such factors are significant to the nature and purpose of the relief she is seeking.

As a result, despite the respondent's equities, which are substantial, we find that on balance, given the adverse factors and the nature of the relief she is seeking, she has not shown that cancellation of removal under section 240A(b)(2) of the Act should be granted as a matter of discretion. Accordingly, we conclude that the Immigration Judge's grant of relief in the exercise of discretion was not appropriate. *See* 8 C.F.R. § 1003.1(d)(3)(ii).

Because we find that the respondent is not deserving of relief under section 240A(b)(2) of the Act as a matter of discretion, we do not find it necessary to reach the DHS's arguments regarding the continuance granted by the Immigration Judge to allow the respondent to establish the requisite period of good moral character under section 240A(b)(2)(A)(iii). However, because the Immigration Judge granted the respondent's request for cancellation of removal, he did not address the other relief from removal for which she applied, so we will remand the record to give her an opportunity to pursue those applications and to address any other issues relevant to these proceedings.

**ORDER:** The appeal of the Department of Homeland Security is sustained.

**FURTHER ORDER:** The record is remanded to the Immigration Judge for further proceedings consistent with the foregoing opinion and for the entry of a new decision.