08-4937-ag
Lin  v. Holder

BIA
Van Wyke, IJ
A070 527 735

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 2nd day of February, two thousand eleven.

PRESENT:
JOSÉ A. CABRANES,
BARRINGTON D. PARKER,
RICHARD C. WESLEY,
*Circuit Judges*.

_____

XIU HUA LIN,
            *Petitioner*,

            v.                                      08-4937-ag

                                                    NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL*,
            *Respondent*.

_____

FOR PETITIONER:          Raymond Lo, Kuzmin & Associates, P.C., New York, New York.

_____

*Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr. is substituted for former Attorney General Michael B. Mukasey as Respondent.

**FOR RESPONDENT:** Tony West, Assistant Attorney General; Michael P. Lindemann, Assistant Director; Mark C. Walters, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Xiu Hua Lin, a native and citizen of China, seeks review of a September 8, 2008, order of the BIA vacating the September 14, 2005, decision of Immigration Judge ("IJ") William Van Wyke, which granted reopening of her removal proceedings and her application for asylum. *In re Lin*, No. A070 527 735 (B.I.A. Sept. 8, 2008), *vacating* No. A070 527 735 (Immig. Ct. N.Y. City Sept. 14, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review solely the decision of the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008); *Shu Wen Sun v. BIA*, 510 F.3d

377, 379 (2d Cir. 2007).

The BIA did not err in asserting jurisdiction over the IJ's September 2003 order granting Lin's motion to reopen, even though the government failed to directly appeal that order, because the BIA generally does not entertain interlocutory appeals, but rather will review interlocutory decisions on review of the IJ's final decision. *See Matter of Sacco*, 15 I. & N. Dec. 109, 110 (BIA 1974); *see also Singh-Bhathal v. INS*, 170 F.3d 943, 945 (9th Cir. 1999). The BIA thus had jurisdiction to review, on appeal from the subsequent grant of asylum, not only the grant of asylum, but also the IJ's initial grant of the motion to reopen.

The BIA did not abuse its discretion in vacating the grant of reopening, as the motion to reopen was untimely and Lin did not meet her burden of showing a change in country conditions in China, as required to excuse the untimely filing. An alien may file only one claim for asylum, and that application must be filed within one year of arrival in the United States. *See* 8 U.S.C. §§ 1158(a)(2)(B),(C). There is an exception to the time and numerical bars for asylum applications where an applicant "demonstrates to the satisfaction of the Attorney General either the existence of

3

changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay in filing an application within the [one-year] period." 8 U.S.C. § 1158(a)(2)(D). However, § 1158(a)(2)(D) does not apply to applicants, like Lin, who were already subject to a final order of removal. *See Yuen Jin v. Mukasey*, 538 F.3d 143, 156 (2d. Cir 2008) (upholding BIA's determination that procedural requirements of motions to reopen applied); *Matter of C-W-L-*, 24 I. & N. Dec. 346, 349-50 (BIA 2007).

The BIA did not err in applying both *Matter of C-W-L-* and *Yuen Jin* to Lin's case. *See* 8 C.F.R. § 1003.1(d)(3)(ii); *see also NLRB v. Coca-Cola Bottling Co.*, 55 F.3d 74, 78 (2d Cir. 1995). Accordingly, Lin's motion was required to conform to the requirements of 8 C.F.R. § 1003.2(c), which governs motions to reopen. *See Yuen Jin*, 538 F.3d at 156. Because Lin was filing a motion to reopen after a final order of removal, and that motion was filed more than five years after the final administrative decision was rendered in her case, there is no dispute that it was untimely. *See* 8 C.F.R. § 1003.2(c)(2). Additionally, the birth of Lin's children in the United States after her final

4

order of removal did not establish changed country conditions "arising in the country of nationality." *Id.*; *see Li Yong Zheng v. U.S. Dep't of Justice*, 416 F.3d 129, 130-31 (2d Cir. 2005) (finding that the birth of U.S. citizen children constitutes a change in personal circumstances and not a change in country conditions, and therefore does not establish an exception to the filing deadline for motions to reopen).

Lin also argues that the IJ was acting within his *sua sponte* authority, and that the BIA "disregarded the jurisdictional and discretionary authority" of the IJ by vacating his decision. While 8 C.F.R. § 1003.23(b)(1) grants an IJ the authority to "upon his or her own motion at any time . . . reopen or reconsider any case in which he or she has made a decision," *sua sponte* reopening "is not meant to be used as a general cure for filing defects or to otherwise circumvent the regulations," but rather is limited to "exceptional situations." *Matter of J-J-*, 21 I. & N. Dec. 976, 984 (BIA 1997). Moreover, the BIA reviews *de novo* discretionary decisions of an IJ. *See* 8 C.F.R. § 1003.1(d)(3)(ii); *see also Matter of Martinez*, 25 I. & N. Dec. 66, 69, 76-78 (BIA 2009). Thus, in this case, the BIA

5

did not err in reviewing *de novo* the IJ's discretionary decision to grant reopening. As discussed above, because Lin failed to demonstrate changed country conditions, the BIA's reversal of reopening was not an abuse of discretion.

Lin also argues that "the failure of the Board to review or discuss the [IJ's] decisions clearly violated [her] due process rights and prior court decisions." However, "an alien who has already filed one asylum application, been adjudicated removable and ordered deported, and who has nevertheless remained in the country illegally for several years, does not have a liberty or property interest in a discretionary grant of asylum." *Yuen Jin*, 538 F.3d at 157. Moreover, even if Lin did have a protectable interest in relief, her due process rights have not been violated, as the BIA did review and discuss the IJ's findings in its decision. *See id.*; *Wei Guang Wang v. BIA*, 437 F.3d 270, 273-74, 275 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with

6

Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk