[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14876
Non-Argument Calendar
_____

Agency No. A089-347-916


SUDEN ZISCA HENTON,
a.k.a. Sudene Zisca Henton,

                                                                    Petitioner,

versus

U.S. ATTORNEY GENERAL,

                                                                    Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(May 29, 2013)

Before DUBINA, Chief Judge, HULL and JORDAN, Circuit Judges.

PER CURIAM:

Petitioner Suden Henton, a native and citizen of Jamaica, seeks review of the order of the Board of Immigration Appeals ("BIA"), affirming the Immigration Judge's ("IJ") denial of her motion to reopen, which was based on a claim of ineffective assistance of counsel.  Henton first argues that she complied with the procedural requirements governing ineffective-assistance claims, as set forth in *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988), *overruled in part by Matter of Compean*,  24 I.&N. Dec. 710 (BIA 2009).  Next, she argues that she was prejudiced by her former attorneys' ineffective representation, as they failed to pursue a claim of cancellation of removal under the Violence Against Women Act ("VAWA"), 8 U.S.C. § 1229b(b)(2)(A)(i)(I).  Finally, she contends that her attorneys' failure to pursue VAWA cancellation, as well the IJ's and the BIA's refusal to find her eligible under VAWA, violated her due process rights.

We review the BIA's decision as the final judgment, unless the BIA expressly adopted the IJ's decision.  *Ruiz v. Gonzales*, 479 F.3d 762, 765 (11th Cir. 2007).  When the BIA explicitly agrees with the findings of the IJ, we will review the decision of both the BIA and the IJ as to those issues.  *Ayala v. U.S. Att'y Gen.*, 605 F.3d 941, 948 (11th Cir. 2010).  In this case, because the BIA issued its own opinion, we review the BIA's opinion.  *Ruiz*, 479 F.3d at 765.  Further, because the BIA explicitly agreed with several findings of the IJ, we review the decisions of both the BIA and the IJ as to those findings.  *Ayala*, 605 F.3d at 948.

In civil removal proceedings, an alien possesses the constitutional right under the Fifth Amendment's Due Process Clause to a fundamentally fair hearing and to effective assistance of counsel where counsel has been obtained. *Dakane v. U.S. Att'y Gen.*, 399 F.3d 1269, 1273-74 (11th Cir. 2005). However, a motion to reopen based on a claim of ineffective assistance of counsel requires:

> (1) that the motion be supported by an affidavit of the allegedly aggrieved respondent setting forth in detail the agreement that was entered into with counsel with respect to the actions to be taken and what representations counsel did or did not make to the respondent in this regard, (2) that counsel whose integrity or competence is being impugned be informed of the allegations leveled against him and be given an opportunity to respond, and (3) that the motion reflect whether a complaint has been filed with appropriate disciplinary authorities with respect to any violation of counsel's ethical or legal responsibilities, and if not, why not.

*Id.* at 1274 (quoting *Lozada*, 19 I. & N. Dec. at 639). A petitioner seeking to show ineffective assistance must meet each of the three screening requirements of *Lozada*, even where counsel's ineffective assistance was clear on the record. *Gbaya v. U.S. Att'y Gen.*, 342 F.3d 1219, 1222-23 (11th Cir. 2003).[1]

"[I]n addition to substantial, if not exact, compliance with the procedural requirements of *Lozada*, a petitioner claiming ineffective assistance of counsel . . . must also show prejudice." *Dakane*, 399 F.3d at 1274. "Prejudice exists when the performance of counsel is so inadequate that there is a reasonable probability that

---

[1] Although *Matter of Compean*, 24 I. & N. Dec at 727, overruled *Lozada* to the extent that *Lozada* held that aliens enjoy the Fifth Amendment right to effective assistance of counsel in removal proceedings, we have adopted *Lozada*'s procedural requirements and, as such, they remain good law in this Circuit. *See Dakane*, 399 F.3d at 1274; *Gbaya*, 342 F.3d at 1222-23.

3

but for the attorney's error, the outcome of the proceedings would have been different." *Id.*

An alien who is the victim of spousal abuse may file a motion to reopen to apply for adjustment of status under the VAWA if she can demonstrate that she has been "battered" or that she has been "subjected to extreme cruelty by a spouse. INA § 240(c)(7)(C)(iv), 8 U.S.C. § 1229a(c)(7)(C)(iv).  Under INA § 240A(b)(2), 8 U.S.C. § 1229b(b)(2), which provides a "special rule for battered spouse or child" aliens, the Attorney General has discretion to cancel the removal of an alien who demonstrates: (1) that the alien has been battered or subjected to extreme cruelty by a spouse or parent who is or was a United States citizen; (2) continuous physical presence in the United States for at least three years preceding the date of the application; (3) good moral character during that period; (4) a lack of certain criminal convictions; and (5) that removal would result in extreme hardship to the alien, the alien's child, or the alien's parent.  INA § 240(b)(2), 8 U.S.C. § 1229b(b)(2).  "According to the legislative history, the purpose of the VAWA [battered spouse] provisions . . . was to permit battered spouses to leave their abusers without fear of deportation or other immigration consequences." *Matter of A-M-*, 25 I. & N. Dec. 66, 72 (BIA 2009).

Generally, procedural due process violations require a deprivation of a constitutionally protected liberty or property interest. *Grayden v. Rhodes*, 345 F.3d

4

1225, 1232 (11th Cir. 2003). We have held that the failure to receive discretionary relief does not amount to a deprivation of a protected liberty or property interest. *Mejia Rodriguez v. Reno*, 178 F.3d 1139, 1146 (11th Cir. 1999). Moreover, counsel's alleged ineffective assistance does not deprive an alien of due process if the deficient representation only prevented the alien from being eligible for such discretionary relief. *See id.* at 1146-48 (holding that counsel's ineffective assistance did not violate the petitioner's due process rights because the petitioner did not have a liberty interest in receiving a discretionary grant of suspension of deportation); *Garcia v. U.S. Att'y Gen.*, 329 F.3d 1217, 1224 (11th Cir. 2003) (holding that counsel's ineffective assistance did not deprive the petitioner of due process because a waiver of excludability is discretionary form of relief).

We conclude from the record here that the BIA did not abuse its discretion by affirming the IJ's denial of Henton's motion to reopen. First, the IJ and the BIA correctly found that, with regard to Henton's ineffective-assistance claim, she failed to comply with the procedural requirements of *Lozada*. While Henton included with her motion to reopen an affidavit detailing her former attorneys' allegedly ineffective representation, thus satisfying the first procedural requirement of *Lozada*, she failed to comply with *Lozada*'s second prong, which required her to notify her former attorneys of her allegations against them. She did not submit, in support of her motion to reopen, any information to the IJ showing that she had

5

notified her former attorneys of her allegations.  The record shows that Henton later filed a copy of a letter to one of her attorneys, but she did not include this letter with her motion to reopen, and she did not submit it to the BIA until more than a year after she originally filed her motion.  Furthermore, there is no evidence in the record showing that Henton notified her other attorney of her allegations.  Thus, Henton did not comply with *Lozada* insofar as she failed to notify her attorneys of the complaints made against them.  We have held that all three of *Lozada*'s procedural requirements must be satisfied.  *See Gbaya*, 342 F.3d at 1222-23.  Therefore, the IJ and the BIA properly found that Henton failed to comply sufficiently with *Lozada*.

Moreover, the IJ and the BIA also properly determined that Henton did not establish that she was prejudiced by her counsels' allegedly ineffective representation.  The legislative history behind VAWA indicates that the purpose of the battered spouse provisions "was to permit battered spouses to leave their abusers." *Matter of A-M-*, 25 I. & N. Dec at 72; *see also* 140 Cong. Rec. H10, 693-01 (1994) (statement of Sen. Schumer) (stating that VAWA "permits immigrant spouses of United States citizens to escape from their abusive spouses without risking deportation"); 140 Cong. Rec. E1364-03 (1994) (statement of Rep. Pelosi) (noting that VAWA "includes provisions to prevent abusive spouses from using immigration law to control and continue abusing their undocumented spouses").

6

In light of this legislative history, the IJ and the BIA did not act "arbitrar[ily] or capricious[ly]" in concluding that Henton would not have been eligible for cancellation of removal under VAWA. *See Abdi v. U.S. Att'y Gen.*, 430 F.3d 1148, 1149 (11th Cir. 2005) (stating that court's review is limited to whether administrative discretion is arbitrary or capricious). Thus, as the IJ and the BIA rationally found that Henton would not have been eligible for VAWA cancellation, Henton has not shown that, but for her counsels' failure to pursue cancellation as a battered spouse, the outcome of her removal proceedings would have been different. Therefore, she has not established that she was prejudiced by her attorneys' representation. *See Dakane*, 399 F.3d at 1274.

Finally, we conclude that any failure to pursue cancellation of removal under VAWA did not deprive Henton of due process. As noted above, cancellation of removal is a discretionary remedy. Accordingly, her attorneys' failure to pursue cancellation did not deprive her of her due process rights, as cancellation is only a discretionary remedy. Accordingly, her attorneys' failure to pursue cancellation did not deprive her of her due process rights, as cancellation is only a discretionary remedy. *See Mejia Rodriguez*, 178 F.3d at 1146; *Garcia*, 329 F.3d at 1224. Similarly, we conclude that neither the IJ nor the BIA violated Henton's due process rights by refraining to find her eligible for VAWA cancellation. Because the failure to receive discretionary relief—such as cancellation of removal—does

7

not constitute a deprivation of a protected liberty or property interest, the IJ and the BIA did not violate Henton's due process rights by not finding her eligible for cancellation, or by not conducting further proceedings on the subject of cancellation. *See Mejia Rodriguez*, 178 F.3d at 1146.

Therefore, as Henton neither complied with the procedural requirements of *Lozada*, nor established that she was prejudiced by her counsels' putatively ineffective assistance, we hold that the BIA did not abuse its discretion in affirming the IJ's denial of her motion to reopen. Further, Henton's due process rights were not violated. Accordingly, for the above-stated reasons, we deny her petition.

**PETITION DENIED.**[2]

---

[2] Respondent's motion to dismiss for lack of jurisdiction is **DENIED.**

8