867 So.2d 1179 (2004)
COLLINS MOVING & STORAGE CORPORATION OF SOUTH CAROLINA, d/b/a Collins Moving & Storage, Appellant,
v.
Ira Michael KIRKELL and Sandra Kirkell, Appellees.
Nos. 4D02-4806, 4D03-996.
District Court of Appeal of Florida, Fourth District.
March 3, 2004.
Rehearing Denied March 30, 2004.
*1180 Bard D. Rockenbach of Sellars, Marion & Bachi, P.A., West Palm Beach, for appellant.
Donna M. Greenspan of Edwards & Angell, LLP, West Palm Beach, for appellees.
HOROWITZ, ALFRED J., Associate Judge.
The Defendant Collins Moving & Storage of South Carolina (Collins) appeals *1181 judgments awarding the Kirkells pre- and post-judgment interest calculated according to Florida law and further awarding them attorney's fees. We affirm in part and reverse in part.
The Kirkells claimed that certain household goods shipped through Collins were damaged and others were missing. They sought damages pursuant to a strict liability claim brought under the Carmack Amendment to the Interstate Commerce Act (Carmack). The jury found Kirkells' damages pursuant to the Carmack Claim were $64,031.
The Kirkells then filed a motion for final judgment in accordance with the verdict in which they asked the trial court to award pre- and post-judgment interest at the rate set by section 55.03, Florida Statutes (2002). They also asserted that because Collins had not disclosed that they had a right to seek arbitration, and a decision resolving the dispute had not been rendered through arbitration, the trial court should award attorney's fees pursuant to 49 U.S.C. § 14708. The trial court entered final judgment for $64,031 plus $14,004 in pre-judgment interest calculated at the Florida statutory rate. It also awarded the Kirkells attorney's fees in the amount of $120,000.
This case was brought under the Carmack Amendment to the Interstate Commerce Act which governs the liability of inland common carriers for losses, damages, or injuries to goods during shipment. King Ocean Cent. Am., S.A. v. Precision Cutting Servs., Inc., 717 So.2d 507, 511 (Fla. 1998).
That the (Carmack Amendment) supersedes all the regulations and policies of a particular state upon the same subject results from its general character. It embraces the subject of the liability of the carrier under a bill of lading which he must issue, and limits his power to exempt himself by rule, regulation, or contract. Almost every detail of the subject is covered so completely that there can be no rational doubt but that Congress intended to take possession of the subject, and supersede all state regulation with reference to it. Adams Express Co. v. Croninger, 226 U.S. 491, 505-506, 33 S.Ct. 148, 57 L.Ed. 314 (1913).
Collins argues that, because the Carmack Amendment preempts state law, the trial court was required to utilize the federal interest rate set in 28 U.S.C. § 1961 when calculating the pre- and post-judgment interest rather than the Florida interest rate set in section 55.03, Florida Statutes. This court reviews the trial court's choice of law determination de novo. Henry v. Windjammer Barefoot Cruises, 851 So.2d 731, 734 (Fla. 3d DCA 2003).
Collins acknowledges that the Carmack Amendment does not expressly address the issue of pre- and post-judgment interest. It argues, however, that federal law has preempted state law on the issue of pre- and post-judgment interest, because the Carmack Amendment has preempted state law regarding "all damages resulting from any failure to discharge a carrier's duty." Southeastern Express Co. v. Pastime Amusement Co., 299 U.S. 28, 29, 57 S.Ct. 73, 81 L.Ed. 20 (1936). Collins reasons that because prejudgment interest is an element of damages in Florida, the assessment of same should be pursuant to federal law.
Regarding post-judgment interest, Collins relies on Fine Foliage of Florida, Inc. v. Bowman Transportation, Inc., 698 F.Supp. 1566, 1571 (M.D.Fla.1988), in which the district court reasoned that applying the uniform federal rate established in 28 U.S.C. § 1961, rather than the Florida *1182 rate, complied with the goal of the Carmack Amendment to establish consistent federal law in the commerce area. We disagree with that decision. 28 U.S.C. § 1961, provides in pertinent part as follows:
(a) Interest shall be allowed on any money judgment in a civil case recovered in a district court. Execution therefor may be levied by the marshal, in any case where, by the law of the State in which such court is held, execution may be levied for interest on judgments recovered in the courts of the State. Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1 year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding [.] the date of the judgment....
* * *
(c) (4) This section shall not be construed to affect the interest on judgment of any court not specified in this section.
Section 1961 does not control the issue of post-judgment interest when a case is tried in state court. First, it limits its application to "any money judgment in a civil case recovered in a district court" and does not apply to "any judgment of any court not specified in the section." Second, the statute acknowledges the partial preeminence of state law on the issue, by limiting the award of post-judgment interest to district courts in states where interest is allowed by state law.
The award of pre-judgment interest is within the sound decision of the trial court and not addressed in 28 U.S.C. § 1961. See Jones v. UNUM Life Ins. Co. of Am., 223 F.3d 130 (2d Cir.2000); See Sec. Ins. Co. v. Old Dominion Freight Line, Inc., 2003 WL 22416139, *1, 2003 U.S. Dist. Lexis 18922, 3-4 (S.D.N.Y.2003).
Collins argues that applying state interest laws defeats one purpose of the Carmack Amendment which is to provide a uniform measure of damages in interstate commerce, and that the use of state interest rates for pre- and post-judgment interest creates a potential disparity between states that encourages forum shopping. The specific statutory scheme created by Congress, however, has been in existence almost 100 years, and Congress has had ample opportunity to amend it to make it clear that it intended to preempt state legislation on interest. The only arguable reference to state interest rates in the legislation relevant to this case is in 28 U.S.C. § 1961, and it limits the award of post-judgment interest to states where state law provides for such recovery. This is an acknowledgment of the states' rights to control the issue of interest awards rather than a preemption of such right.
We therefore find no error in awarding pre- and post-judgment interest under state law, on a claim brought under the Carmack Amendment.
Collins next contends that the trial court erred by awarding the appellee attorney's fees pursuant to 49 U.S.C. § 14708. This provides in pertinent part as follows:
(a) Offering shippers arbitration. As a condition of registration under section 13902 or 13903, a carrier ... must agree to offer in accordance with this section to shippers of household goods arbitration as a means of settling disputes between such carriers and shippers of household goods concerning damage or loss to the household goods transported.
(b) Arbitration requirements.

*1183 * * *
(2) Notice of arbitration procedure. The carrier must provide the shipper an adequate notice of the availability of neutral arbitration, including a concise easy-to-read, accurate summary of the arbitration procedure, any applicable costs, and disclosure of the legal effects of election to utilize arbitration. Such notice must be given to persons for whom household goods are to be transported by the carrier before such goods are tendered to the carrier for transportation.
* * *
(d) Attorney's fees to shippers. In any court action to resolve a dispute between a shipper of household goods and a carrier providing transportation or service ... concerning the transportation of household goods by such carrier, the shipper shall be awarded reasonable attorney's fees if
(1) the shipper submits a claim to the carrier within 120 days after the date the shipment is delivered or the date the delivery is scheduled, whichever is later;
(2) the shipper prevails in such court action; and
(3) (A) a decision resolving the dispute was not rendered through arbitration under this section within the period provided under subsection (b)(8) of this section or an extension of such period under such subsection; or
(B) The court proceeding is to enforce a decision rendered through arbitration under this section and is instituted after the period for performance under such decision has elapsed.
The award of fees requires an interpretation of the federal statute which is reviewed de novo. Racetrac Petroleum, Inc. v. Delco Oil, Inc., 721 So.2d 376, 377 (Fla. 5th DCA 1998).
Under the Carmack Amendment, § 14706, there is no provision for attorney fees. The Kirkells contend that because Collins failed to give notice of the availability of neutral arbitration Collins is liable for attorney fees under § 14708. It is undisputed that Collins did not give notice and that the Kirkells brought their claim in a timely manner and prevailed. The Kirkells contend that, since the matter was not submitted to arbitration, a "decision resolving the dispute was not rendered through arbitration ..." 49 U.S.C. § 14708(d)(3)(A) and therefore attorney fees should be awarded.
Clearly the Kirkells knew of the availability of arbitration as an alternate dispute resolution option, notwithstanding Collins's failure to give notice of same. They sought attorney's fees in their complaint under 49 U.S.C. § 14708. There is no showing of prejudice to the Kirkells by Collins' failure to give notice.
We disagree with the Kirkells' contention that, since a decision regarding this claim was not rendered through arbitration, they have satisfied the requirements of 49 U.S.C. § 14708(d)(3)(A). Section 14708 is a separate statutory provision entitled "Dispute settlement program for household goods carriers." The provision authorizing an award of attorney's fees under section 14708 would come into play only in a case in which a party has invoked the alternative dispute resolution provisions of section 14708. In this case neither of the parties did so and accordingly section 14708 is not applicable.
The Kirkells rely on Ward v. Allied Van Lines, 231 F.3d 135 (4th Cir.2000). In Ward, the court found that the shipper, Ward, had no knowledge of the arbitration procedure and the carrier failed to give required notice. The decision in Ward *1184 was controlled by the fact that the shipper was without knowledge of the arbitration option. Here the Kirkells acknowledged the arbitration option, but sought attorney's fees under the federal statute without submitting a claim through the arbitration procedure. Their position is contrary to the terms and intent of 49 U.S.C. § 14708, and unsupported by any authority.
Accordingly, we affirm the award of post-judgment interest, but reverse the award of attorney's fees.
KLEIN and MAY, JJ., concur.