WEBSTER, J.
Appellant common carrier seeks review of a final judgment, entered following a jury trial, awarding appellees damages sustained in connection with an interstate move of appellees’ belongings and attorney’s fees incurred in this litigation. We affirm both awards. We write only to explain briefly the basis for our determination that the trial court correctly awarded attorney’s fees to appellees.
The parties agree that the issue of appellant’s liability for damages is controlled by 49 U.S.C. § 14706 (2000), generally known as the Carmack Amendment to the Interstate Commerce Act. They agree fur *88 ther that the issue of appellees’ entitlement to attorney’s fees is controlled by 49 U.S.C. § 14708 (2000). They disagree, however, as to whether appellees are, in fact, entitled to fees pursuant to section 14708. It is undisputed that (1) section 14708(a) required appellant to offer to shippers of household goods like appellees “arbitration as a means of settling disputes ... concerning damage or loss to the household goods ... (2) section 14708(b)(2) required appellant to provide appellees “adequate notice of the availability of neutral arbitration, including a concise easy-to-read, accurate summary of the arbitration procedure, any applicable costs, and disclosure of the legal effects of election to utilize arbitration,” before the household goods were tendered to appellant; (3) appellant complied with none of those requirements; and (4) appellees were unaware they had a right to arbitration until more than a year after they had filed their initial complaint.
Appellant contends that appellees are not entitled to attorney’s fees pursuant to section 14708 because that section applies only in cases where the shipper (here ap-pellees) has demanded arbitration. They rely principally on Collins Moving & Storage Corp. of South Carolina v. Kirkell, 867 So.2d 1179, 1183-84 (Fla. 4th DCA 2004). Appellees respond that they are entitled to fees because, by its plain language, section 14708 applies to “any court action to resolve a dispute between a shipper of household goods and a carrier,” provided that no decision resolving the dispute through arbitration was rendered within the time limitation set out in the section. They rely principally on Campbell v. Allied Van Lines, Inc., 410 F.3d 618 (9th Cir.2005), a decision which acknowledges, but reaches the opposite conclusion from, Collins.
We find it unnecessary to choose between Collins and Campbell because the pertinent facts of this case distinguish it from both of those cases. Unlike those cases, here it is undisputed that appellant never told appellees they were entitled to arbitrate the matter if they so desired, and that appellees were unaware of that right until well after they had commenced this action. Given these facts, we believe that the issue of appellees’ fee entitlement is controlled by the reasoning in Ward v. Allied Van Lines, Inc., 231 F.3d 135 (4th Cir.2000). In Ward, the court held that, because the carrier failed to inform the shippers of the availability of arbitration (and the shippers were, therefore, unaware of that right), the fee provisions of the statute were triggered. Although the language of the statute construed in Ward is somewhat different from that of the statute which applies here, the underlying rationale is not — a carrier cannot ignore its statutory obligation to inform the shippers of their right to arbitration and then argue that the shippers are not entitled to attorney’s fees after successfully litigating their claim in court because they did not resort to the arbitration they were unaware they had any right to.
AFFIRMED.
ERVIN and THOMAS, JJ., concur.