OPINION
M. SMITH, Circuit Judge:
The Class Action Fairness Act of 2005 (CAFA), Pub.L. No. 109-2, 119 Stat. 4, confers federal jurisdiction over class action lawsuits where the amount in controversy exceeds $5,000,000 and the adversaries are minimally diverse. When a class action satisfying these conditions is filed in state court, Section 5 of CAFA provides that “such action may be removed by any defendant without the consent of all defendants.” 28 U.S.C. § 1453(b). In this appeal, we address whether CAFA Section 5, 28 U.S.C. § 1453(b), allows a party joined to an action as a defendant to a counterclaim (an additional counterclaim defendant) to remove the case to federal court. We hold that § 1453(b) does not permit additional counterclaim defendants to remove an action to federal court, and we affirm the district court’s decision to remand this case to state court.
BACKGROUND
I. CAFA and the Removal Statutes
Congress enacted CAFA to “ ‘curb perceived abuses of the class action device which, in the view of CAFA’s proponents, had often been used to litigate multi-state or even national class actions in state courts.’ ” United Steel v. Shell Oil Co., 602 F.3d 1087, 1090 (9th Cir.2010) (quoting Tanoh v. Dow Chem. Co., 561 F.3d 945, 952 (9th Cir.2009)). CAFA wrought several changes to the Judicial Code, including amending the federal diversity statute, 28 U.S.C. § 1332(d)(2), and liberalizing the requirements governing removal from state court, 28 U.S.C. § 1453.
Section 4(a) of CAFA amended the federal diversity jurisdiction statute, 28 U.S.C. § 1332, to grant original federal jurisdiction over large interstate class actions (ie., at least 100 class members) in which the matter in controversy exceeds $5,000,000 and any member of the plaintiffs’ class is diverse in his domicile from any defendant. See 28 U.S.C. § 1332(d)(2), (d)(5)(B).
Section 5 of CAFA augmented Chapter 89 of the Judicial Code (which governs the removal of state-court actions to federal courts) by the addition of 28 U.S.C. § 1453. Subsection (b) of § 1453 provides that *802 28 U.S.C. § 1453(b). Section 1446, which is cross-referenced in § 1453(b), sets forth the procedures a removing defendant must follow and provides, inter alia, that “[a] defendant or defendants desiring to remove any civil action ... shall file in the district court of the United States for the district and division within which such action is pending a notice of removal ... containing a short and plain statement of the grounds for removal” as well as the operative pleadings. Id. § 1446(a). The notice of removal “shall be filed within thirty days after the receipt by the defendant” of the complaint or, in certain states, the summons. Id. § 1446(b).
*801 [a] class action may be removed to a district court of the United States in accordance with section 1446 (except that the 1-year limitation under section 1446(b) shall not apply), without regard to whether any defendant is a citizen of the State in which the action is brought, except that such action may be removed by any defendant without the consent of all defendants.
*802 The “general” removal statute, which was not amended by CAFA, is also found in Chapter 89 of the Judicial Code, and provides:
[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.
28 U.S.C. § 1441(a).
II. The Underlying Proceedings
This litigation commenced in San Bernardino County Superior Court on May 17, 2010, when plaintiff Westwood Apex filed a breach of contract action against defendant Jesus Contreras to recover $20,000 on an unpaid student loan. Westwood Apex is a subsidiary entity of the for-profit higher-education institution Westwood College. Contreras, a former Westwood College student, answered the complaint and, on August 11, 2010, filed class action counterclaims alleging violations of California consumer-protection laws.
Contreras’s counterclaims allege that plaintiff/counterclaim defendant Westwood Apex and additional counterclaim defendants [1] Westwood College and certain affiliated individuals and entities (collectively, the additional counterclaim defendants, removing parties, or Westwood College) committed fraud and engaged in unfair and deceptive business practices in connection with their operation of the college. Contreras’s putative class consists of all California residents who have attended, or are presently attending, Westwood College’s programs.
On September 10, 2010, the additional counterclaim defendants (i.e., all Westwood College entities except Westwood Apex) filed a notice of removal in the Central District of California. That notice asserted that federal jurisdiction was appropriate under 28 U.S.C. § 1332(d)(2), and that removal was authorized by Section 5 of CAFA, 28 U.S.C. § 1453(b). Specifically, the notice of removal reads:
Section 1453(b), added by CAFA, expands removal authority, conferring on “any defendant” the right to remove a class action.... [Section] 1453(b), in authorizing removal “by any defendant,” expands removal authority beyond § 1441 (a)’s limits so that it includes “any defendant,” including naturally a defendant joined in the case by a counterclaim.
On September 29, 2010, the district court ordered Westwood College to show *803 cause why removal was appropriate under CAFA. Specifically, the district court highlighted the dearth of authority in this circuit regarding whether “state court cross-defendants, joined by way of a cross-complaint, qualify as defendants under [28 U.S.C. § ] 1453.” The order to show cause further recognized persuasive authority from the United States Court of Appeals for the Fourth Circuit which, in considering the issue presented here, held that CAFA does not permit removal by additional counterclaim defendants. See Palisades Collections, LLC v. Shorts, 552 F.3d 327, 328-29 (4th Cir.2008).
Following briefing by the parties, the district court remanded the action to state court on the ground that removal by an additional counterclaim defendant was not authorized by either the language or purpose of CAFA (the Order of Remand). See Apex v. Contreras, No. 10 Civ. 1382(GAF), 2010 WL 4630274 (C.D.Cal. Nov. 4, 2010).
On March 4, 2011, we granted the additional counterclaim defendants’ petition to appeal the Order of Remand.
JURISDICTION AND STANDARD OF REVIEW
We have jurisdiction under 28 U.S.C. § 1453(c). “CAFA mandates a prompt disposition of controversies that arise over issues relating to jurisdiction under the Act.” Lewis v. Verizon Commc’ns, Inc., 627 F.3d 395, 396 (9th Cir.2010). An appeal of an order of remand must be decided no more than 60 days after the petition to appeal was granted. 28 U.S.C. § 1453(c)(2).
Whether a case was properly removed from state to federal court is a question we review de novo. Lively v. Wild Oats Markets, Inc., 456 F.3d 933, 938 (9th Cir.2006). We likewise review the “construction, interpretation, or applicability” of CAFA de novo. Bush v. Cheaptickets, Inc., 425 F.3d 683, 686 (9th Cir.2005).
DISCUSSION
The removing parties contend that § 1453(b) permits removal by “any defendant” and that this phrase includes additional counterclaim defendants. This is a question of statutory interpretation, and thus our analysis begins with the plain language of the act. Campbell v. Allied Van Lines Inc., 410 F.3d 618, 620 (9th Cir.2005). “The plainness or ambiguity of statutory language is determined by reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole.” Robinson v. Shell Oil Co., 519 U.S. 337, 341, 117 S.Ct. 843, 136 L.Ed.2d 808 (1997). Where language is susceptible to varying interpretations, we will look to other sources to determine congressional intent, such as the canons of construction or a statute’s legislative history. Jonah R. v. Carmona, 446 F.3d 1000, 1005 (9th Cir.2006).
Our circuit has addressed the meaning of § 1453(b). See Abrego Abrego v. Dow Chemical Co., 443 F.3d 676, 684 (9th Cir.2006); see also Progressive W. Ins. Co. v. Preciado, 479 F.3d, 1014, 1017-18 & n. 2 (9th Cir.2007). In Progressive West, where the question of removal by a plaintiff/cross defendant arose, we recognized that § 1453(b) was written to “eliminate three significant barriers to removal for qualifying actions.” 479 F.3d at 1017 & n. 2. First, § 1453(b) “expressly ‘exempts qualifying actions from the § 1446(b) prohibition of removal more than 1 year after commencement of the [state-court] action.’ ” Id. at 1018 n. 2 (citation omitted). Second, § 1453(b) allows a class action founded on diversity to be removed even where “any defendant” is a citizen of the state where the action was filed. This *804 language “eliminates the so-called ‘home-state defendant’ restriction on removal found in § 1441(b).” Palisades Collections, 552 F.3d at 335. Finally, § 1453(b) provides that “any defendant” is allowed to remove an action without obtaining the consent of “all defendants.” This “overrides the judge-created requirement that each defendant consent to removal.” Abrego Abrego, 443 F.3d at 681. That unanimity requirement had been longstanding, dating back to the Supreme Court’s decision in Chicago, Rock Island, & Pacific Railway Company v. Martin, 178 U.S. 245, 20 S.Ct. 854, 44 L.Ed. 1055 (1900).
The phrase “any defendant” is used twice in § 1453(b), first as part of the language eliminating the complete diversity requirement and second in the clause overriding Martin’s unanimity rule. Despite the apparent usage of “any defendant” in two provisions aimed at eliminating longstanding barriers to removal, the removing parties nevertheless contend that § 1453(b) also authorizes removal by additional counterclaim defendants. Their argument proceeds by taking § 1453(b)’s final clause — “such action may be removed by any defendant without the consent of all defendants” — and erasing the last six words so that what remains is, according to the removing parties, “unambiguous” authority that “any defendant” of whatever kind may remove a class action to federal court. We believe it inappropriate to construe a statute by reading related clauses in isolation or taking parts of a whole statute out of their context. An excerpted clause in a statute cannot be interpreted without reference to the statute as whole, nor can it be understood free from the sentence in which it was included. See United States v. Morton, 467 U.S. 822, 828, 104 S.Ct. 2769, 81 L.Ed.2d 680 (1984) (“We do not, however, construe statutory phrases in isolation; we read statutes as a whole.”); see also Harbison v. Bell, 556 U.S. 180, 129 S.Ct. 1481, 1492, 173 L.Ed.2d 347 (2009) (Roberts, C.J., concurring) (“ ‘[W]e do not ... construe statutory phrases in isolation; we read statutes as á whole.’ This certainly applies to reading sentences as a whole.” (citation omitted)). Appellants’ focus on the phrase “any defendant” takes the words out of the context in which they are written; here the word “any” is being employed in connection with the word “all” later in the sentence — “by any ... without ... the consent of all [.]” See also Palisades Collections, 552 F.3d at 335-36 (“[T]he use of the word ‘any’ juxtaposed with the word ‘all’ was intended to convey the idea of non-unanimity, not to alter the definition of the word ‘defendant!!]’ ”). Given that “any” and “all” are used in relation to one another, they should be read that way and interpreted consistently with the sentence’s structure.
The argument that § 1453(b) allows for additional counterclaim defendants to remove depends on Appellants’ faith in the redeeming power of one adjective — “any”. But this argument not only ignores Twain’s skepticism on the value of a modifier [2], it also eschews the established meaning of “defendant” in Chapter 89 of the Judicial Code. Since the Supreme Court’s decision in Shamrock Oil & Gas Corporation v. Sheets, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941), “defendant” for purposes of designating which parties may remove a case under § 1441 has been limited by a majority of the courts to mean only “original” or “true” defendants; “defendant” in Chapter 89, thereby, excludes plaintiffs and non-plaintiff parties who become defendants through a counterclaim.
*805 In Shamrock Oil, the Supreme Court interpreted the predecessor statute to § 1441, which permitted removal “ ‘by the defendant or defendants therein,’ ” to preclude removal by a state-court plaintiff who “was in point of substance a defendant to the cause of action asserted in the counterclaim.” Id. at 104-05, 107, 61 S.Ct. 868 (citation omitted). The ability for certain parties to remove a state-court action to a federal forum has existed since the first Judiciary Act. See St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 286-89, 58 S.Ct. 586, 82 L.Ed. 845 (1938) (citing Judiciary Act of Sept. 24, 1789 § 12, 1 Stat. 73, 79). The Shamrock Oil Court traced the amendments in removal law back to the first Judiciary Act and emphasized that, at different times, removal was either afforded to “defendants” or, alternatively, to “either party.” 313 U.S. at 105-06, 61 S.Ct. 868. Because Congress was presumed to be aware of this statutory history, the choice of “defendant” was a deliberate exclusion of other classes of parties. Id. at 107-08, 61 S.Ct. 868 (“We think these alterations in the statute are of controlling significance....”).
Since Shamrock Oil, the law has been settled that a counterclaim defendant who is also a plaintiff to the original state action may not remove the case to federal court. See, e.g., Progressive West, 479 F.3d at 1018 (“[W]e must conclude CAFA does not alter the longstanding rule announced in Shamrock that precludes plaintiff/cross-defendants from removing class actions to federal court.”); Am. Int'l Underwriters (Phil.), Inc. v. Cont’l Ins. Co., 843 F.2d 1253, 1260-61 (9th Cir.1988) (“[T]he Supreme Court found that Congress had intended to eliminate the automatic right of a plaintiff to remove”). Likewise, the Shamrock Oil rule has been extended to preclude removal by third-party defendants to an action. See Palisades Collections, 552 F.3d at 332-33 (collecting cases); First Nat’l Bank of Pulaski v. Curry, 301 F.3d 456, 462-63 (6th Cir.2002) (“Although Shamrock Oil is not dis-positive of the precise issue before us, it does dictate that the phrase ‘the defendant or the defendants,’ as used in § 1441(a), be interpreted narrowly, to refer to defendants in the traditional sense of parties against whom the plaintiff asserts claims.”); see also 14C Wright & Miller, et al., Federal Practice & Procedure § 3730 (2010) (“The federal courts ... often speak[] of the right to remove as being limited to ‘true’ defendants.... [T]hirdparty defendants brought into the state action by the original defendant [cannot] exercise the right to remove claims to the federal court, although there is some authority to the contrary in the Fifth [and Eleventh Circuits].”). While we left the question of third-party removal without a definitive answer prior to the enactment of CAFA, O’Halloran v. Univ. of Wash., 856 F.2d 1375, 1381 (9th Cir.1988) (“[W]e need not reach the interesting question whether third-party defendants are defendants for purposes of the removal statute.”), some courts in our circuit recognized that the majority position prohibited third-party removal. See, e.g., Schmidt v. Ass’n of Apartment Owners of Marco Polo Condo., 780 F.Supp. 699, 702 (D.Haw.1991).
This accepted understanding of “defendant” as excluding plaintiff/counterclaim defendants and third-party defendants survived the enactment of § 1453(b). We recognized this, albeit in dicta, in Progressive West, where we observed that § 1453(b) “[did] not create an exception to Shamrock’s longstanding rule that a plaintifficross-defendant cannot remove an action to federal court.” 479 F.3d at 1018. The Seventh Circuit, endorsing Progressive West, held that § 1453(b)’s use of “any” is not enough to alter the meaning of the term “defendant.” See First Bank v. DJL Props., LLC, 598 F.3d 915, 917-18 *806 (7th Cir.2010). As Chief Judge Easter-brook explained in First Bank:
[T]he word “defendant” has an established meaning in legal practice, and it is vital to maintain consistent usage in order to ensure that Members of Congress (and those who advise them) know what proposed language will do, and people can understand the meaning of statutes ....
By using a word with an established meaning, Congress produces the established result.
Id. at 917.
The Fourth Circuit, the only other court of appeals to have addressed the precise issue presented here, also concluded that § 1453(b) did not overwrite the accepted meaning of “defendant.” See Palisades Collections, 552 F.3d at 334-36. In Palisades Collections, then-Chief Judge Williams recognized that “[flor more than fifty years, courts applying Shamrock Oil have consistently refused to grant removal power under § 1441(a) to third-party defendants.” Id. at 332. Palisades Collections aptly highlighted that “Congress has shown the ability to clearly extend the reach of removal statutes to include counter-defendants, cross-claim defendants, or third-party defendants” by using the term “party” in other sections of Chapter 89. See Id. at 333 (citing 28 U.S.C. § 1452(a) (“A party may remove any claim or cause of action ... ”)). The Fourth Circuit further explained that § 1453(b) was drafted to comport with both § 1441 and § 1446, which each employ the word “defendant.” Id. at 334-35. If the meaning in § 1441(a) and § 1446 is dictated by Shamrock Oil, and excludes third parties (ie., both third-party defendants and counterclaim defendants), then § 1453(b) does as well. Id. at 335.
The various judicial interpretations of CAFA, including our own, recognize that “CAFA ... evidences [a] detailed appreciation of the background legal context.” Abrego Abrego, 443 F.3d at 684; see also Blockbuster, Inc. v. Galeno, 472 F.3d 53, 58 (2d Cir.2006) (“CAFA’s detailed modifications of existing law show that Congress appreciated the legal backdrop at the time it enacted this legislation.”). To the extent there is any ambiguity about, the meaning of “defendant” as it is used in § 1453(b), the legislative history reveals that Congress’s purpose in drafting CAFA Section 5 was not animated by concerns regarding Shamrock Oil or its progeny, nor was § 1453(b) drafted with the intention of changing the meaning of “defendant.” As explained above, § 1453(b) removed three longstanding obstacles to removal of interstate class actions, namely “(1) the rule that, in a diversity case, a defendant cannot remove a case from its home forum, § 1441(b); (2) the rule that a defendant cannot remove a diversity case once it has been pending in state court for more than a year, § 1446(b); and (3) the rule that all defendants must consent to removal.” Palisades Collections, 552 F.3d at 331-32.
The report of the Senate Judiciary Committee confirms Congress’s intent to remove these three longstanding barriers to removal. The report specifically identifies each barrier to removal, discusses its potential for abuse, and explicitly states that § 1453(b) eliminates it. See S.Rep. No. 109-14, at 48-50 (2005), reprinted in 2005 U.S.C.C.A.N. 3, 45-47. Despite the numerous abuses of the class action system chronicled in its lengthy legislative history, § 1453(b) omits any mention of Shamrock Oil or the majority rule limiting the right of removal to original defendants. Indeed, there is no mention of “Shamrock Oil ” or “third-party” or “counterclaim defendant” in the entirety of the Senate Report. Given the care Congress took to modify the three established legal principles discussed above, we cannot conclude that Congress also intended to modify the original defen *807 dant rule — another established legal principle — without any mention of its desire to do so. See Abrego Abrego, 443 F.3d at 684 (“Given the care taken in CAFA to reverse certain established principles but not others, the usual presumption that Congress legislates against an understanding of pertinent legal principles has particular force.”); cf. First Bank, 598 F.3d at 917 (“If the drafters of the 2005 Act wanted to negate Shamrock Oil, they could have written ‘defendant (including a counterclaim defendant)’ or ‘any party’.... But they chose the unadorned word ‘defendant,’ a word with a settled meaning.”).
Thus, Appellants ask us to do what Congress did not, by rewriting the meaning of an accepted and understood term. To do so and change the meaning of “defendant” in § 1453(b) would, as Judge Easterbrook phrased it, “make hash of Chapter 89, because § 1453(b) refers to § 1446; unless the word ‘defendant’ means the same thing in both sections, the removal provisions are incoherent.” First Bank, 598 F.3d at 917. Although it is at times reasonable to give disparate meanings to the same word used in related statutes, see Envtl. Def. v. Duke Energy Corp., 549 U.S. 561, 574, 127 S.Ct. 1423, 167 L.Ed.2d 295 (2007), this is not such a rare occasion. Finally, adhering to the narrow and historical interpretation of “defendant” does not render the use of “any” in § 1453(b) redundant; by reading “any defendant” to mean “any defendant to the original suit,” or “true defendant,” § 1453(b) still achieves CAFA’s purposes of eliminating the complete diversity rule and Martin’s unanimity rule.
CONCLUSION
While CAFA eliminated several important roadblocks to removal of class actions commenced in state court, we hold that 28 U.S.C. § 1453(b) did not change the longstanding rule that a party who is joined to such an action as a defendant to a counterclaim or as a third-party defendant may not remove the case to federal court. Accordingly, the district court’s order remanding this suit to California state court is AFFIRMED.

. The parlies and pleadings refer to West-wood Apex as a "cross-defendant” as opposed to a "counterclaim defendant.” They also refer to Westwood College as a "cross-defendant.” In accord with Federal Rule of Civil Procedure 13, the appropriate way to describe the underlying proceedings is that defendant Contreras filed a counterclaim against plaintiff/counterclaim defendant Westwood Apex and joined as additional counterclaim defendants Westwood College, et al. Fed.R.Civ.P. 13(h). However, any deviations from this nomenclature are immaterial to the result in this case.

. “As to the Adjective; when in doubt, strike it out.” Mark Twain, The Tragedy of Pudd’nhead Wilson 130 (Am.Pub.Co., 1900) (1894).