*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 12a0125p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

─────────────────

In re:  MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.,

*Petitioner.*　　No. 12-501

On Petition for Permission to Appeal from the United States District Court
for the Western District of Kentucky at Bowling Green.
No. 1:11-cv-153—Joseph H. McKinley, Jr., District Judge.

Decided and Filed:  May 9, 2012

Before:  KEITH, MARTIN, and GIBBONS, Circuit Judges.

─────────────────

**OPINION**

─────────────────

BOYCE F. MARTIN, JR., Circuit Judge.  Mortgage Electronic Registration Systems, Inc., seeks permission before this court, pursuant to 28 U.S.C. § 1453(c), to appeal a district court order remanding the underlying action to the Kentucky state court from which it was removed.  Generally, a district court's order remanding a case to state court for lack of subject-matter jurisdiction or defects in removal procedures is not appealable. 28 U.S.C. § 1447(d); *Powerex Corp. v. Reliant Energy Servs., Inc.*, 551 U.S. 224, 229-30 (2007).  However, an exception has been created by the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), which allows us to "accept an appeal from an order of a district court granting or denying a motion to remand a class action to the State court from which it was removed" if the application for leave to appeal is made "not more than 10 days after entry of the order." § 1453(c)(1).  If we accept the appeal, our decision must be rendered "not later than 60 days after the date on which such appeal was filed," or within any extension either agreed to by the parties or ordered by the court. § 1453(c)(2), (c)(3).  The underlying appeal presents the question of whether

1

Mortgage Electronic, as a third-party defendant, may remove the underlying state court action to federal court under section 1453(c)(1). Although we have previously held in cases not under the Act that third-party defendants may not remove an action, *see, e.g., First Nat'l Bank of Pulaski v. Curry*, 301 F.3d 456, 461 (6th Cir. 2002), we have yet to render a published opinion on this issue in light of the language contained in the Act. We **GRANT** the petition for permission to appeal, and we join our sister circuits who have addressed this issue and hold that Mortgage Electronic, as a third-party defendant, cannot seek removal of a state court action under the Act. Accordingly, the judgment of the district court is **AFFIRMED**.

## I. Facts

The facts are undisputed. In 2005, Kathy Hanson obtained a loan from America's Wholesale Lender to purchase real property. As security, Kathy and her husband signed a mortgage with Mortgage Electronic. In 2010, BAC Home Loan Servicing, LP, formally known as Countrywide Home Loans Servicing, LP, filed a foreclosure action against the Hansons in the Circuit Court in Warren County, Kentucky. The Hansons filed a counterclaim, arguing that BAC did not establish that it validly held the loan or the mortgage because the documents they executed were not in favor of BAC. BAC, apparently claiming assignment from Mortgage Electronic, responded that the Hansons did not join a necessary party in the counterclaim. In 2011, the Hansons obtained leave of court to file a third-party class action complaint against Mortgage Electronic.

In their third-party complaint, the Hansons alleged that Mortgage Electronic did not hold a valid mortgage on the property and, therefore, could not properly assign an interest to BAC. The Hansons alleged that Mortgage Electronic merely served as a database for the assignment of mortgages and failed to follow Kentucky registration procedures. The Hansons sought a declaratory judgment under Kentucky law.

Within thirty days of receiving the third-party complaint, Mortgage Electronic filed a notice of removal to the United States District Court for the Western District of

Kentucky. Mortgage Electronic sought removal of the action based on 28 U.S.C. § 1453(b). The Act provides that a district court has jurisdiction in a civil action where there is diversity of citizenship; the amount in controversy exceeds $5 million; and the proposed class includes at least one hundred members. § 1332(d); *Salling v. Budget Rent-A-Car Sys., Inc.*, 672 F.3d 442, 443 (6th Cir. 2012).

The Hansons moved to remand the action to state court, arguing that as a third-party defendant, Mortgage Electronic could not remove the action to federal court under the statute. The Hansons based their argument on section 1441(a), which states that an action may be removed "by the defendant or defendants," and *First National Bank of Pulaski*, 301 F.3d at 461-63, where we held that third-party defendants do not have a right of removal. They further argued that the Act did not alter this rule. Mortgage Electronic opposed the motion for a remand, arguing that under section 1453(b), a qualifying class action "may be removed by *any* defendant without the consent of all defendants." § 1453(b) (emphasis added).

The district court entered a brief order granting the motion to remand. The district court agreed with the majority of courts that have addressed this issue, finding that a third-party defendant does not enjoy a right of removal under the Act. Mortgage Electronic petitions this Court for permission to appeal the judgment of the district court, and appeals that judgment.

## II. Procedural posture of appeal

"An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise . . . ." § 1447(d). The Act, however, provides that we "may accept an appeal from an order of a district court granting or denying a motion to remand a class action to the State court from which it was removed if application is made to the court of appeals not more than 10 days after entry of the order." § 1453(c)(1). The statute further requires that: "[i]f the court of appeals accepts an appeal . . . the court shall complete all action on such appeal, including rendering judgment, not later than 60 days after the date on which such appeal was filed, unless an extension is granted under paragraph (3)." §1453(c)(2). An extension to this time

limitation may be granted "for any period of time" if all parties agree, or "for a period not to exceed 10 days" if the extension is "for good cause and in the interest of justice." § 1453(c)(3)(A), (B). If a final judgment is not issued before the end of the sixty-day time period, or the extended period if such an extension has been granted under section 1453(c)(3), "the appeal shall be denied." § 1453(c)(4).

We must address the question of when the sixty-day time period of section 1453(c)(3) begins to run. The explicit language of the statute provides that the sixty days begins to run when a court of appeals decides to "accept" the appeal. § 1453(c)(2). The statute gives us discretion to either accept or reject the appeal. § 1453(c)(1) ("[A] court of appeals *may* accept an appeal") (emphasis added); *see also Morgan v. Gay*, 466 F.3d 276, 277 (3d Cir. 2006); *Pritchett v. Office Depot, Inc.*, 420 F.3d 1090, 1093 (10th Cir. 2005). Our sister circuits have held that a court of appeals "accepts" an appeal, and thus the sixty-day time period of section 1453(c)(2) begins to run, only when the court of appeals has *granted* the petition for permission to appeal. *Coll. of Dental Surgeons of P.R. v. Conn. Gen. Life Ins. Co.*, 585 F.3d 33, 37 (1st Cir. 2009); *Gay*, 471 F.3d 469, 472 (3d Cir. 2006); *DiTolla v. Doral Dental IPA of N.Y., LLC*, 469 F.3d 271, 275 (2d Cir. 2006); *Patterson v. Dean Morris, L.L.P.*, 444 F.3d 365, 368-69 (5th Cir. 2006); *Hart v. FedEx Ground Package Sys. Inc.*, 457 F.3d 675, 678 (7th Cir. 2006); *Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1162 (11th Cir. 2006); *Bush v. Cheaptickets, Inc.*, 425 F.3d 683, 685-86 (9th Cir. 2005); *Pritchett*, 420 F.3d at 1093. *But see Patterson*, 444 F.3d at 370 (Garza, J., dissenting) (arguing that a plain reading of section 1453(c)(2) requires that the sixty-day time limit begin upon the filing of the appeal). Given the plain language of the statute, we agree with our fellow circuits and hold that the sixty-day time period of section 1453(c)(2) begins when the court of appeals decides to grant the petition for permission to appeal. Therefore, the time restriction of that statute does not restrict us as to when we are required to grant or deny Mortgage Electronic's petition. Because we believe the merits of the underlying appeal warrant consideration by this Court, we **GRANT** Mortgage Electronic's petition for permission to appeal.

### III. Third-party defendants

We now address the merits of the appeal. The question is whether, as a third-party defendant, Mortgage Electronic may remove the state court action under the Act. Our review of the statute and applicable case law leads us to the conclusion that it cannot.

As we have noted, the Act confers federal jurisdiction over class actions in which the matter in controversy exceeds $5 million, there is minimal diversity of citizenship, and the proposed class includes at least one hundred members. *Salling,* 672 F.3d at 443. Such a class action may be removed to a federal district court as provided by "section 1446 (except that the 1-year limitation under section 1446(b) shall not apply), without regard to whether any defendant is a citizen of the State in which the action is brought, except that such action may be removed *by any defendant* without the consent of all defendants." § 1453(b) (emphasis added). Section 1453(b) thus eliminates three constrictions on removal that are present in cases not under the Act: (1) the one-year general limit on removal of a case after the commencement of the state court action, *Smith v. Nationwide Prop. & Cas. Ins. Co.*, 505 F.3d 401, 406-07 (6th Cir. 2007); (2) the rule that a "home-state" defendant may not remove the case; and (3) the requirement that all the defendants must consent to the removal. *See Westwood Apex v. Contreras*, 644 F.3d 799, 803-04 (9th Cir. 2011). The parties dispute the meaning of "any defendant" under section 1453(b).

In general, "the defendant or the defendants" may remove a civil action from state court to federal court. § 1441(a). Under this language, a counterclaim or third-party defendant is not a "defendant" who may remove the action to federal court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 104-08 (1941) (construing earlier version of the removal statute); *First Nat'l Bank of Pulaski*, 301 F.3d at 461-62 (holding that third-party and counterclaim defendants cannot remove a case).

The term "defendant" in removal statutes is narrowly construed. *First Nat'l Bank of Pulaski*, 301 F.3d at 462. We have specifically held that third-party defendants have no right to remove an action from state court. *Id.* In *Pulaski*, the third-party defendant

attempted to remove a complaint under section 1441, which only permits removal by "the defendant or defendants." Construing this language narrowly, we held that the statute did not provide a basis for removal by a third-party defendant. *Id.*

Mortgage Electronic attempts to distinguish *Pulaski* by arguing that section 1453(b), which includes the term "any defendant," has expanded the right of removal in Class Action Fairness Act cases. But that language is used in a specific context—it is part of a larger clause providing that an appropriate action "may be removed by any defendant without the consent of all defendants." Contrary to Mortgage Electronic's position, the provision simply modifies the rule that all defendants must consent to the removal.

The majority of courts that have considered the issue have relied on the context of the Act to conclude that the language of section 1453(b) does not change the prior rule that counterclaim or third-party defendants do not have the right of removal. Most recently, the Ninth Circuit stated "that § 1453(b) did not overwrite the accepted meaning of 'defendant.'" *Westwood Apex*, 644 F.3d at 806. Section 1453(b), the Ninth Circuit found, "removed three longstanding obstacles to removal of interstate class actions[:]" the rule that, in a diversity action, a home-forum defendant cannot remove; the rule that a defendant cannot remove a diversity action once it has been pending more than one year; and the rule that all defendants must consent to the removal." *Id.* "Given the care Congress took to modify the[se] three established legal principles . . . we cannot conclude that Congress also intended to modify the original defendant rule—another established legal principle—without any mention of its desire to do so." *Id.* at 806-07; *see also First Bank v. DJL Props., LLC*, 598 F.3d 915, 918 (7th Cir. 2010) (holding that the word "defendant" in section 1453(b) has the same meaning it has elsewhere in the removal statutes and does not include a counterclaim defendant); *Palisades Collections LLC v. Shorts*, 552 F.3d 327, 328-29 (4th Cir. 2008) (holding that section 1453(b) does not permit counterclaim defendants to remove an action from state court).

## IV.  Conclusion

In view of this authority, we hold that third-party defendants do not have the statutory authority under the Act to remove a state court action to a federal district court. Thus, Mortgage Electronic's attempt to make such a removal to the United States District Court for the Western District of Kentucky is not authorized by the Act.

The judgment of the district court is **AFFIRMED**.