LIFE SKILLS VILLAGE,
PLLC, Plaintiff,

v.

AUTO–OWNERS INSURANCE CO.,
Defendant and Third–Party
Plaintiff,

v.

United States Steel Corporation Plan
for Retiree Insurance Benefits and
Blue Cross Blue Shield of Michigan,
Third–Party Defendants.

No. 13–15218.

United States District Court,
E.D. Michigan,
Southern Division.

Signed April 30, 2014.

Richard F. Burns, Jr., Law Offices of Richard F. Burns Jr., P.C., Bingham Farms, MI, for Plaintiff.

Mark C. Vanneste, Secrest, Wardle, Lynch, Hampton, Truex & Morley, Troy, MI, for Defendant and Third–Party Plaintiff.

Kevin S. Hendrick, Nicole M. Simone, Bethany G. Stawasz, Clark Hill, PLC, Detroit, MI, for Third–Party Defendants.

## ORDER REMANDING CASE TO THE OAKLAND COUNTY CIRCUIT COURT

GERALD E. ROSEN, Chief Judge.

This automobile accident case for no-fault medical benefits was removed from the Oakland County Circuit Court to this Court on December 23, 2013 by Third–Party Defendant United States Steel Corporation Plan for Retiree Insurance Benefits ("U.S. Steel"). On February 12, 2013, the Court issued an Order to Show Cause, directing Third–Party Defendant U.S. Steel, the removing party, to show cause why this case should not be remanded to state court. U.S. Steel has responded to the show cause order.

As indicated, the removing party in this case is Third–Party Defendant U.S. Steel. As the Court noted in its Order to Show Cause, it is well-settled that third-party defendants (i.e., those joined by defendant, rather than by plaintiff) cannot remove actions to federal court. *See First National Bank of Pulaski v. Curry,* 301 F.3d 456, 461–64 (6th Cir.2002); *In re Mortgage Electronic Systems, Inc.,* 680 F.3d 849, 853–54 (6th Cir.2012); *see also Thomas v.*

*Shelton,* 740 F.2d 478, 488 (7th Cir.1984); *Westwood Apex v. Contreras,* 644 F.3d 799, 805–06 (9th Cir.2011).

In its response to the show cause order, U.S. Steel argues that although it predicated its Notice of Removal on the basis of 28 U.S.C. § 1441(a), the recent amendments to 28 U.S.C. § 1441, which took effect January 6, 2012, establish that removal was proper under § 1441(c). The Court disagrees.

The prior language of § 1441(c) read:

Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

This Court previously had determined that § 1441(c) represented an unconstitutional exercise of subject matter jurisdiction because it purports to give courts authority to decide state law claims for which the Federal courts do not have original jurisdiction. *See Salei v. Boardwalk Regency Corporation,* 913 F.Supp. 993 (E.D.Mich.1996). To cure this problem, Congress amended Section 1441(c) as part of the Federal Courts Jurisdiction and Venue Clarification Act of 2011. *See* House Report (Judiciary Committee) No. 112–10 to accompany H.R. 394, 2011 U.S.C.C.A.N. 576, 2011 WL 484052 (Feb. 11, 2011) (specifically referencing the *Salei* decision).

As amended, § 1441(c) now reads:

(c) Joinder of Federal law claims and State law claims—

(1) If a civil action includes—

(A) a claim arising under the Constitution, laws or treaties of the

United States (within the meaning of section 1331 of this title); and

(B) a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made non-removable by statute, the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).

As is apparent, the revised language of § 1441(c), however, does not materially alter a third-party defendant's ability to remove under the statute. Contrary to U.S. Steel's argument, the new language does not make every case containing a claim arising under federal law removable; the amendment instead clarifies that subsection (c) allows removal of an action containing nonremovable claims only *if the action would be removable* in the absence of the nonremovable claim. *Mutual Pharmaceutical Co., Inc. v. Goldman,* 2012 WL 2594250 at *17 (E.D.Pa. July 3, 2012). The language of subsection 1441(a), however, was not changed.

Section 1441(a), both prior to and after the implementation of the Jurisdiction and Venue Clarification Act, provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed *by the defendant or defendants."* 28 U.S.C. § 1441(a) (emphasis added).

Had Congress intended to permit removal by third-party defendants, it could have amended § 1441(a) to clarify the definition of "the defendant or the defendants," or added additional language to § 1441(c) specifying that removal under that subsection is available to parties other than original defendants. It did not.

*Mutual Pharmaceuticals Co., Inc. v. Goldman,* 2012 WL 2594250 at *17. *See also U.S. Bank, N.A. v. Ernst,* 2013 WL 3353989 at *2 (W.D.Okla. July 3, 2013) (same); *Noland v. Energy Res. Tech., Inc.,* 2013 WL 177446 at *6 (S.D.Tex. Jan. 16, 2013).

This Court agrees with the *Mutual Pharmaceuticals* court. Moreover,

> [g]iven the Supreme Court's guidance that removal legislation be strictly construed, *See Shamrock Oil [& Gas Corp. v. Sheets,]* 313 U.S. [100,] 108, [61 S.Ct. 868 (1941)], the majority view that third-party defendants lack standing to remove cases to federal court ... has become only more persuasive since the amendment of 28 U.S.C. § 1441(c).

*Certain Underwriters at Lloyd's of London v. Art Crating, Inc.,* 2014 WL 123488 at *17 (E.D.N.Y. January 10, 2014).

For the foregoing reasons, the Court concludes that this case was improvidently removed from State court. Therefore,

IT IS HEREBY ORDERED that this case be REMANDED to the Oakland County Circuit Court.