NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VIOLETA ESCOBAR, AKA Violeta Escobar Cline, Individually, and as Personal Representative for The Estate of Nathan Cline, Deceased,<br><br>　　　　　Plaintiff-Appellant,<br><br>　v.<br><br>NEVADA HELICOPTER LEASING, LLC,<br><br>　　　　　Defendant-Appellee. | No.　17-15590<br><br>D.C. No.<br>1:13-cv-00598-HG-RLP<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Hawaii
Helen W. Gillmor, District Judge, Presiding

Argued and Submitted October 12, 2018
Honolulu, Hawaii

Before:  WARDLAW, BERZON, and RAWLINSON, Circuit Judges.

Violeta Escobar ("Escobar"), the widow of deceased helicopter pilot Nathan

Cline ("Cline"), appeals from the grant of summary judgment to Nevada

Helicopter Leasing LLC ("Nevada Leasing"), the owner and lessor of a helicopter

that was the subject of a crash resulting in Cline's death.  The district court

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

concluded that Escobar's state claims were preempted by 49 U.S.C. § 44112, which at the time limited the liability of an aircraft's lessors, owners, and secured parties unless the aircraft was "in the *actual possession or control* of the lessor, owner, or secured party." 49 U.S.C. § 44112(b) (2018) (emphasis added), *amended by* FAA Reauthorization Act of 2018, Pub. L. No. 115-254, § 514, 132 Stat. 3358 (Oct. 5, 2018).[1] The court found that Nevada Leasing did not have "actual possession or control" at the time of the crash. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse and remand for further proceedings.

We reverse the district court's grant of summary judgment because a genuine dispute exists as to whether Nevada Leasing had "actual possession or control" of the aircraft. Fed. R. Civ. P. 56(c); *Nidds v. Schindler Elevator Corp.*, 113 F.3d 912, 916 (9th Cir. 1996) ("There must be sufficient evidence that a reasonable jury could return a verdict for the nonmoving party." (internal quotation marks and citation omitted)). The text of 49 U.S.C. § 44112 provides protection from liability only when the aircraft's lessor possesses neither *actual possession* nor *actual control. See Westwood Apex v. Contreras*, 644 F.3d 799, 804 (9th Cir. 2011) ("An excerpted clause in a statute cannot be interpreted without reference to

---

[1] The statutory amendment substituted the language "actual possession or *operational* control," for "actual possession or control." 49 U.S.C. § 44112(b) (emphasis added). Upon remand, the district court should consider whether this amendment alters or merely clarifies the exception to liability and whether it has any effect on this case.

the statute as whole, nor can it be understood free from the sentence in which it was included."). Legislative history supports this reading of the statute, as the statute's "purpose was to assure that liability under such laws would not attach to the holder of a security interest solely by virtue of that interest." S. Rep. No. 86-221, at 2 (1959).

A genuine factual dispute exists as to whether or not David Chevalier—an owner of both Nevada Leasing and the lessee company, Helicopter Consultants of Maui, Inc., doing business as Blue Hawaiian Helicopters ("Blue Hawaiian")—and Blue Hawaiian employees were acting as agents of Nevada Leasing and actually exercised control over the aircraft when it crashed. Chevalier owned about 89% of both Nevada Leasing and Blue Hawaiian. In the 2010 version of the Master Lease Agreement, Chevalier was the sole signatory and signed on behalf of both Nevada Leasing and Blue Hawaiian. Chevalier stated in his deposition that the employees of Blue Hawaiian often performed aircraft-related tasks for Nevada Leasing, including administering aircraft leases and making decisions about fixed minimum rent for the aircraft, and that Chevalier had executive authority in his roles at both Blue Hawaiian and Nevada Leasing to cancel flights. Taking these facts together, a jury could find that Blue Hawaiian personnel, Chevalier, or both, as agents of Nevada Leasing, had actual control of the aircraft.

**REVERSED; REMANDED.**